## Second Department, August, 1960

### (August 1, 1960)

■ Herman Fisher, Respondent, v. Brownie Smith, Appellant.— In an action to recover damages for injuries to person and property, the defendant, by permission of the Appellate Term, appeals from its order, dated February 10, 1960, made by a divided court. Said order: (1) reverses an order of the City Court of the City of New York, entered August 24, 1959, denying plaintiff's motion to vacate its prior determination removing the action from its Regular Calendar position in the City Court and deferring its trial until 1962; and (2) grants said motion and restores the action to its Regular Calendar position. Originally, this action was instituted in the Kings County Supreme Court. Upon plaintiff's application in that court for a preference in trial pursuant to its rule 9 (promulgated by this court), that court, with the consent of the parties, appointed an independent doctor to examine the plaintiff. After receiving such doctor's report of his examination the court denied the application. Thereupon plaintiff consented to the transfer of the action to the City Court. In due course, pursuant to the City Court's special rule one (also promulgated by this court), the action was reached for classification at a Calendar Classification Term of the City Court. When plaintiff refused to consent to a further transfer of the action to the Municipal Court of the City of New York, the Justice presiding at such Classification Term determined that the action be removed from its Regular Calendar position and that its trial be deferred until 1962. Plaintiff then moved in the City Court to vacate such determination. From the order denying this motion plaintiff appealed to the Appellate Term. That court reversed the order of the City Court and granted the motion. By permission of the Appellate Term the defendant now appeals from its order to this court. Order of the Appellate Term reversed, with $10 costs and disbursements to defendant, and order of the City Court affirmed, with $25 costs and disbursements to defendant. The record shows that plaintiff's claimed special damages will not be established on the trial and that plaintiff's claimed injuries are grossly exaggerated. Under such circumstances it was not an abuse of discretion for the Justice presiding at the Calendar Classification Term of the City Court to determine, pursuant to its special rule one, that the action properly belongs in the Municipal Court and, upon plaintiff's refusal to consent to its transfer to the Municipal Court, to remove it from its Regular Calendar position in the City Court and to defer its trial in that court until February 27, 1962. With respect to our rules (Kings County Supreme Court Trial Term Rules, rule 9; Special Rules for the Kings County Division of the City Court of the City of New York, special rule one), we disagree with the majority of the Appellate Term Justices in their interpretation of such rules.

(1) We hold that under said rule 9, when a preference application is made in the Kings County Supreme Court the decision of the Justice denying the application and the order thereafter made on consent transferring the action to the City Court, are not controlling upon the Justice at a subsequent Classification Term of the City Court, either under the doctrine of *stare decisis* or *res judicata*. Hence they do not preclude him: (a) from classifying the action *de novo* on the basis of plaintiff's complaint, bill of particulars and doctor's affidavit or upon the basis of such papers plus such "additional proof" as the Justice "in his discretion, may require" (Special Rules for the Kings County Division of the City Court of the City of New York, special rule one, subd. [4]); and (b) from determining whether the action should be deferred or permitted to remain in its regular position on the City Court's calendar. Both the Supreme Court and the City Court have the inherent authority to control their respective calendars, subject of course to the rules promulgated by this court. (2) One of the Appellate Term majority Justices criticized and held to be improper the practice of the courts on preference applications and on calendar classification, to appoint an independent doctor to examine the plaintiff upon the parties' consent; to permit the parties to share voluntarily in the payment of such doctor's fees; and thereafter to make a determination based, in part or in whole, on such doctor's report of his examination. The propriety of such practice is not involved here, nor was it presented in the court below. Nevertheless, since we deem the criticism of the practice to be unjustified, we also deem it pertinent to express our opinion that such practice, resting as it does on the consent and voluntary action and co-operation of the parties, is a proper, salutary and commendable one. It tends to channel cases into the courts in which they properly belong; and, as to those cases which are permitted to remain, it either accords them a preference in trial or makes possible their trial within a more reasonable time. The practice materially aids the administration of justice; it reflects the co-operation between Bench and Bar; it should be promoted and encouraged. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.