This case seeks review of a default judgment entered against Appellant, Larry James Knight, for failure to appear at trial. We reverse and remand.
On December 3, 1975, Knight, while driving his automobile, struck and injured the minor Plaintiff-Appellee, Staicy O'Neil Davis. Suit was filed on April 6, 1976; served in August; and an Answer was filed on September 13.
Trial was originally set for January 26, 1977, but was reset for April 4. (The propriety of this resetting is not before the Court.) On April 1, allegedly without Knight's knowledge, the trial Court granted Knight's attorney's petition to withdraw as counsel in this cause. At the new date set for trial, it was again reset; this time for April 7. No notification of this continuance was given Appellant and, when he failed to appear on this subsequent date, a default judgment was entered against him. On that same date, the issue of damages was tried before the Court and a $250,000 judgment was entered. It is in this posture, then, that this case comes before us.
It is undisputed that the trial was set for April 4, 1977. Whether a default judgment properly could have been entered at that time is not the issue here presented because the trial Court, instead, chose to continue the case for a three-day period. It is the propriety of the procedure utilized in this second resetting which we must now determine.
Knight contends that by resetting the case for April 7 (a mere three-day continuance) the trial Court violated Rule 40 (a), ARCP.[1] Rule 40 (a) provides, inter alia:
 The trial of actions shall be set by entry on a trial docket at least 20 days before the date set for trial unless a shorter period of time is agreed to by all of the parties or available under the provisions of Rule 55, Default.
Knight's assertion that the failure to comply with the above-quoted rule mandates reversal of this cause is fallacious because this provision applies only to initial settings or to resettings to future trial dockets. To include within the ambit of this provision a continuance such as was here utilized would alter and disrupt current practice with no attendant benefit. Moreover, we have long held that the trial Court has inherent authority to exercise discretion in the control of its calendar and in the calling of cases. Knowles v. Blue, 209 Ala. 27,95 So. 481 (1923); Fisher v. Smith, 11 A.D.2d 918, 205 N.Y.S.2d 277
(1960); and Rules 15 and 29, Alabama Rules of Judicial Administration. Thus, unless the action is continued until a future setting of the trial docket, the Court, under normal circumstances and absent abuse, could continue the case until a future date without the necessity of complying with the twenty-day provision. See Knowles, supra, and Sachs v. Hensley,220 Ky. 226, 294 S.W. 1073 (1927).
The determination that Rule 40 is inapplicable does not satisfy the inquiry before us, however, because this case does not arise from "normal circumstances." Instead, Knight's attorney withdrew from the action, with the Court's approval, immediately prior to trial but unbeknown to Knight. Therefore, the question presently before us *Page 158 
concerns the propriety of entering a default judgment where a party has no actual notification of the resetting of a case when his counsel withdraws, with the Court's approval, immediately prior to the date set for trial.
Initially, it must be noted that we have long recognized that the trial Court has discretion whether to grant a default judgment. Ex parte Central Alabama Dry Goods Co., 238 Ala. 20,189 So. 56 (1939); and Rule 55 (b)(2), ARCP. Where there is doubt, however, this discretion should be resolved in favor of the defaulting party; and this for the reason that judgments by default are not favored. Welch v. G.F.C. Credit Corp.,336 So.2d 1346 (Ala.Civ.App. 1976). Even though disfavored, a default judgment will not be reversed because the trial Court reset a case for trial at a date later than that originally fixed upon the docket, in the absence of an abuse of discretion, so long as the resetting is within the same setting of the docket. Anderson v. Malone, 154 Okla. 4, 6 P.2d 795
(1932). For the reasons set out below, however, to grant a default judgment under the narrow circumstances before us, without first notifying a party of the resetting of the case, constitutes an abuse of discretion.
The prevailing rule is that litigants must keep track of their case and know its status. Thompson v. Odom, 279 Ala. 211,184 So.2d 120 (1966); Cleveland v. Cleveland, 262 Ala. 90,77 So.2d 343 (1955); Averett v. Averett, 255 Ala. 606,52 So.2d 371 (1951), and McCord v. Harrison Stringer, 207 Ala. 480,93 So. 428 (1922). Thus, generally, the Court owes no duty to notify a party of the setting of a case or to continue a case because of his absence. Old Southern Life Insurance Co. v.Free, 46 Ala. App. 622, 247 So.2d 379 (1971).
This rule presupposes that a litigant, either himself or through his attorney, has responsibility for his case. In such situations, facts becoming known to the attorney are considered known by the client. See Waters v. American Casualty Co.,261 Ala. 252, 73 So.2d 524 (1954). The rule, however, does not contemplate the hybrid situation, presented in the case before us, where the litigant had no knowledge of the setting of the case and his attorney, though having knowledge of the setting, withdrew from the cause with the Court's permission a mere three days prior to trial without even relating these facts to his client. The continuance could afford Knight no relief without some notification of both the withdrawal and the resetting.
Therefore, in the absence of any notification, the trial Court abused its discretion by entering a default judgment where, as here, the attorney of record withdrew from the cause immediately prior to trial. For this reason, the judgment of the trial Court is due to be reversed and remanded for trial upon the merits.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] This Rule superseded Tit. 7, § 249, Code, but carried forward the essential provisions of that statute. See Rule 40 (a), ARCP, Committee Comments.