HOLMES, Judge.
The Circuit Court of Pike County denied the defendant’s motion to set aside a default judgment and the defendant appeals. We reverse.
A review of the record reveals the following:
After a trial on the merits and a jury verdict for the plaintiff, the trial court, on March 2, 1979, granted the defendant’s motion for a new trial. The trial court’s order did not set a specific date for the new trial. In addition, the order required the sending of notice to each party individually of the date for the new trial.
On March 27, 1979, counsel for the defendant filed a motion to withdraw from the case. The trial court granted the motion for withdrawal on the following day.
Thereafter, on April 30, 1979, the date of the new trial, a default judgment was entered against the defendant. On May 28, 1979, the defendant filed a motion to set aside the default judgment. This motion was filed pursuant to Rule 55, ARCP. The trial court denied this motion on May 30, 1979. In addition, the defendant, on June 30, 1979, filed a Rule 60(b) motion seeking relief from the default judgment. This motion was denied on June 20, the same date of filing. The defendant appeals from the trial court’s action regarding both motions.
The defendant’s Rule 55 and Rule 60(b) motions are both bottomed on the premise that defendant never received notice of the new trial date.
To corroborate this contention, the defendant submitted an affidavit signed by the Circuit Clerk of Pike County, stating that he, the Circuit Clerk, did not send notice of the new trial date to the defendant and that if his deputies sent notice, he did not know of it.
The defendant in his brief argues in essence that in view of the facts as indicated above, the trial court abused its discretion in failing to set aside the default judgment. The appellee has not favored this court with a brief.
At the outset, we note that the policy of this court favors the determination of cases on their merits. That is, default judgments are disfavored. Dial v. State, Ala. Civ.App., 374 So.2d 361 (1979).
*1108 It is also recognized that the trial court has discretion whether or not to grant a default judgment and where there is doubt, the trial court should resolve this discretion in favor of the defaulting party. Welch v. G.F.C. Credit Corp., Ala.Civ.App., 336 So.2d 1346 (1976). See also, Rule 55(b), ARCP.
The Alabama Supreme Court held in Knight v. Davis, Ala., 356 So.2d 156 (1978), a case similar to the instant appeal, that the trial court erred in entering a default judgment and therefore abused its discretion in refusing to set the judgment aside. Specifically, the supreme court stated that where the litigant had no knowledge of the setting of the case and his attorney, though having knowledge of the setting, withdrew from the cause with the court’s permission three days prior to trial, the trial court abused its discretion by entering a default judgment without having given notification of both the withdrawal and the resetting to the defendant.
This appeal is not significantly distinguishable from Knight, supra. In fact, any distinction is in favor of defendant’s position.
In this instance, the defendant’s attorney withdrew on March 27, 1979. This withdrawal was with the trial court’s approval. The case was set for trial on April 30, 1979, and the defendant had no notice of this trial date. It is not clear in this case whether even the attorney who withdrew had notice of the trial date. As indicated earlier, in Knight, supra, the attorney who withdrew did have notice.
We specifically note that in this instance there is no factual dispute that defendant did not receive notice. He so states, as does the circuit clerk’s affidavit. There are no contrary affidavits or other evidence.
In view of the supreme court’s decision in Knight, the case is due to be remanded for a trial upon the merits, as the learned trial judge erred in failing to grant defendant’s Rule 55 motion.
In view of the above, the trial court’s action regarding the Rule 60(b) motion need not be discussed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.