BRADLEY, Judge.
This is a consolidated appeal from the granting of a divorce and the denial of a subsequent Rule 60(b) ARCP motion seeking relief from that judgment. The appeal hinges on the propriety of rendering a judgment where counsel for defendant withdrew on the same day as the hearing and defendant states he had no prior notice of the withdrawal nor of the hearing. The appeal turns on whether defendant had notice. We reverse and remand.
The consolidated records reveal pertinent facts. Wife filed for divorce on April 9, 1979, and husband answered on April 14, 1979. Wife sought and was granted an ex parte restraining order on May 21, 1979. On Friday, August 31, 1979 counsel for defendant moved for withdrawal by mailing a motion to withdraw, stating no specific grounds, to the register’s office with a copy to defendant and opposing counsel. The motion was filed the next Tuesday, September 4, the day after Labor Day. The trial court heard the divorce matter on that Tuesday with plaintiff and her counsel present. The court rendered the judgment on September 6, and the register entered it the same day.
On October 9, 1979 defendant filed a 60(b) motion to- set aside the judgment, alleging inter alia: (1) he did not have notice of the hearing date; (2) he was aboard a shrimp boat in the gulf working at his usual occupation on September 4; (3) he did not receive his copy of the motion to withdraw on or before September 4 because of the Labor Day weekend and because of his work on the shrimp boat; and (4) he *656 filed his 60(b) motion as soon as possible due to (a) notice of the judgment was sent to the wrong address and finally received by him on October 5, a Friday; and (b) he went to new counsel the next Monday, October 8, which was Columbus Day, so that the motion was filed on the next day, October 9, 1979.
The records do not reflect whether the hearing on September 4 was (a) a result of a motion for default; or (b) a result of a hearing pursuant to a trial calendar. This uncertainty need not be clarified before this court can act. In either event, the defendant alleges in his 60(b) motion that he did not receive notice of the hearing, and this allegation is not challenged in any way. Therefore, if the judgment were pursuant to a motion for default judgment, it is due to be reversed on authority of Cockrell v. World’s Finest Chocolate Co., Ala., 349 So.2d 1117 (1977) and Dial v. State, Ala.Civ.App., 374 So.2d 361 (1979). If the judgment were pursuant to a trial date, it is due to be reversed on authority of Knight v. Davis, Ala., 356 So.2d 156 (1978) and Dodds v. Boatner, Ala.Civ.App., 376 So.2d 1107 (1979).
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.