PER CURIAM.
This is an appeal from a default judgment entered on October 7, 1986, against the defendant/appellant Don Bachner and in favor of the intervenor/appellee, Citizens Bank.
The record shows that Bachner did not respond to the trial court’s order that he file answers to interrogatories during the lengthy discovery phase of the case, and that the case had been before the trial court since July 29, 1985. The record also shows that there was a misunderstanding in the Coffee Circuit clerk’s office concerning whether the trial court, on October 2, 1986, was going to grant a continuance in the case or hold a hearing.
The facts of the case are these: Ba-chner’s first lawyer filed a motion to withdraw from the case on July 14, 1986. The order granting this motion on July 15 was set aside on July 21. The motion was renewed on July 28, and it was finally granted on September 26, only six days before the trial date of October 2 — a date set by the court on its own motion. (Ba-chner claims that he received no notice of this hearing date.) Although Citizens Bank asserts that Bachner had plenty of notice that his lawyer was withdrawing and that he needed to obtain other counsel, we *94 find this argument unpersuasive, given the circumstances.
Bachner’s second lawyer, who was unaware of the trial date set by" the court, telephoned the clerk’s office on the morning of October 2 to notify the court that he had been retained as counsel for Bachner. He was told by an employee of the clerk’s office that the case was set for trial that day. Upon being told that the judge was “out,” Bachner’s lawyer asked the employee to relay his request for a continuance in the case. The employee later telephoned Bachner’s newly-retained counsel and informed him that the case had been continued.
This was an apparent misunderstanding, however, because the trial judge held a hearing in the case on October 2, and entered a default judgment on October 7. Bachner responded to the October 7 default judgment by filing a motion for relief from judgment on October 23, which was summarily denied October 28. Hence, this appeal.
We understand the trial court’s attitude concerning Bachner’s failure to respond to orders of the court during the discovery phase of the case. Nothing we say here should be understood to prevent the trial court from exercising its discretion to compel discovery in a civil proceeding. See Ultracashmere House, Ltd. v. Meyer, 407 So.2d 125 (Ala.1981).
Where, as here, however, it is undisputed that an employee of the court informed the lawyer of one of the parties that his request for a continuance had been granted, a default judgment entered pursuant to a hearing on that same date must be set aside as a violation of the fundamental concept of fairness. See Nelson v. Nelson, 381 So.2d 655 (Ala.Civ.App.1980).
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.