This is a divorce case.
All dates referred to herein were in 1987. The husband's January complaint sought a divorce, custody of their minor child, the home (subject to a mortgage), and division of their other property. The wife answered and counterclaimed, the husband answered the counterclaim, and the case was at issue.
A printed trial docket was sent by the clerk's office to the wife's attorney on April 22. It set this case for trial on May 12.
On May 7 the wife's attorney filed a motion that he be allowed to withdraw as her counsel. He stated therein that the *Page 147 
wife had left the jurisdiction of the trial court, taking with her the minor child, and that she had failed to communicate with the attorney except for having another attorney to contact him to discuss the case and except that she left a message at his office which authorized him to discuss her case with the other attorney. The trial court entered an order on May 7 which permitted the wife's attorney to withdraw as her counsel.
On May 12, the day that the divorce case was set for trial, a default was entered, and a final judgment was also entered which granted the relief which the husband sought in his complaint.
The wife timely appealed. She did not file a Rule 59, Alabama Rules of Civil Procedure, motion. She argues in her brief that she had no notice of the case being set for trial on May 12 and that the final default divorce judgment should be reversed on that account, citing as her primary authorities Knight v.Davis, 356 So.2d 156 (Ala. 1978); and Dodds v. Boatner,376 So.2d 1107 (Ala.Civ.App. 1979).
In Dodds, it was made crystal clear that there was no dispute in the case that the defendant's attorney was allowed to withdraw and that the defendant had no notice of the trial date at which time the default was rendered against him. There, the record affirmatively showed through two affidavits the lack of notice. It was held that the defendant's motion for a new trial should have been granted. Dodds, 376 So.2d at 1108.
In Knight, the Alabama Supreme Court stated that where the litigant had no knowledge of the setting of the case for trial and his attorney, though having knowledge of the setting, withdrew from the case with the trial court's permission three days prior to the trial date, the trial court abused its discretion by entering a default judgment when the defendant did not appear for the trial. Knight, 356 So.2d at 156.
In the present case, the record itself is totally silent as to whether or not the wife had, or did not have, prior knowledge of the setting of the divorce case for trial on May 12. The wife's brief on appeal contains assertions of fact in that regard which do not appear in the record, but we cannot regard or recognize factual matters which are outside of the record itself. The appeal record cannot be factually enlarged or changed by the argument of facts which appear only in the brief of an attorney. The appellate record must itself disclose the facts upon which the alleged error is founded before we may consider such matter. Roberts v. Roberts, 424 So.2d 644
(Ala.Civ.App. 1982). Stated differently, errors of a trial court must be affirmatively demonstrated by the record on appeal, and such error cannot be considered by an appellate court if the record does not disclose the facts upon which the alleged error is based. Daniels v. Bona Fada Federated Club 1979-1980Members, 403 So.2d 255 (Ala.Civ.App. 1981).
Here, the record does not disclose that the wife had no prior knowledge that her divorce case was set for trial on May 12. Those constitute the ultimate facts upon which the alleged error is based. Since the record does not disclose the facts upon which this issue is founded, we find no error as to that issue.
The wife bore the burden of preserving the record in such a manner that the alleged error appeared therein. That could have been done by the timely filing of either a Rule 59 motion or a Rule 60(b) motion, together with proof to support the averments thereof, as was done in Dodds. However, no such post-trial motion and proof are in our record. Our holding and comments should not be construed to be a bar to a timely Rule 60(b) motion.
The wife having appeared in the divorce action, she also argues that the default judgment should be set aside under Rule 55(b)(2) because she did not receive three days' prior notice as to the default judgment hearing. However, the rule also provides that a judgment by default may be entered by a trial court on the day that the case is set for trial without such three-day notice. Rule 55(b)(2). Since the default *Page 148 
was entered on the trial date, there was no violation of that rule.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.
 On Application for Rehearing