The petitioner, Thomas E. Bryant, filed this petition for a writ of mandamus directing the Honorable Chris Galanos, a circuit judge for the Thirteenth Judicial Circuit to grant his motion requesting that the judge recuse himself from the proceedings against the petitioner.
The petitioner was charged with six counts of theft of property in the first degree. The petitioner, who served as general guardian and conservator for Mobile County, was charged with six counts of theft of property for stealing over $3,000,000 from estates for which he served as conservator. The petitioner's case was eventually assigned to Judge Galanos after another circuit judge recused himself. The petitioner then filed a motion seeking to have Judge Galanos recuse. The petitioner also filed a motion for a change of venue, which was granted, and the case was moved to the Circuit Court for Montgomery County. Judge Galanos was to preside over the trial in Montgomery. On the Saturday before the trial was scheduled to begin in Montgomery County on Monday, Judge Galanos notified the state and the defendant by facsimile transmission that the defendant/petitioner had contributed $500 to his judicial campaign. The petitioner then amended his motion to recuse based on this information. Judge Galanos denied the motion. The petitioner then filed a petition for a writ of mandamus with this court, requesting a stay of the trial and asking that we order Judge Galanos to recuse himself from the case. This court granted a stay and ordered Judge Galanos to answer the allegations in the petition.
Mandamus is the correct method to challenge a pre-trial ruling on a motion to recuse. Ex parte Sanders, 659 So.2d 1036
(Ala.Cr.App. 1995).
The petitioner contends, among other things, that Judge Galanos should have granted his motion to recuse because he had contributed $500 to Judge Galanos's judicial *Page 554 
campaign. While it would appear, applying principles of common sense, that the party who did not contribute to a judge's campaign should be the only party to complain, the law seems to indicate otherwise. Although the petitioner might not ordinarily expect that his contribution to a judge's campaign would prejudice the judge against him, he is entitled to the protections afforded by the Alabama Canons of Judicial Ethics and the Code of Alabama.
Canon 3(C)(1), Alabama Canons of Judicial Ethics, states, in pertinent part:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
The Alabama Supreme Court in State v. Duncan, 638 So.2d 1332
(Ala.), cert. denied, ___ U.S. ___, 115 S.Ct. 528,130 L.Ed.2d 432 (1994), expressed its view on Canon 3(C) and articulated the following standard:
 "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when 'facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: 'Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606
(Ala. 1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983)."
638 So.2d at 1334.
This court in Rutledge v. State, 523 So.2d 1087, 1109
(Ala.Cr.App. 1987), rev'd on other grounds, 523 So.2d 1118
(Ala. 1988), set forth the standards this court uses to determine if a party has proved that a trial judge should have recused. This court stated:
 " 'A judge should not act "if he has any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit." Morgan County Commission v. Powell, 292 Ala. 300, 311, 293 So.2d 830, 839 (1974). . . . A mere accusation of bias unsupported by substantial fact does not require disqualification of a judge. Taylor v. Taylor, 387 So.2d 849, 852 (Ala.Civ.App. 1980).' Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984). In this State, the general rule is that a judge is presumed to be qualified and unbiased, McMurphy v. State, 455 So.2d 924, 929 (Ala.Cr.App. 1984), and the movant has a substantial burden in proving otherwise. Irby v. State, 429 So.2d 1179
(Ala.Cr.App. 1983). 'Evidence must be presented to prove the judge possesses a personal bias as opposed to one that is judicial in nature. Personal as opposed to judicial bias is characterized by an attitude of extrajudicial origin derived non coram judice.' Moreland v. State, 469 So.2d 1305, 1307
(Ala.Cr.App. 1985). 'Bias and prejudice must be shown by the conduct of the trial judge and may not be presumed or inferred by his subjective views.' Hartman v. Board of Trustees of the University of Alabama, 436 So.2d 837, 841 (Ala. 1983). 'The appellant must present evidence to prove the personal bias of a judge, or else his motion cannot prevail.' Slinker v. State, 344 So.2d 1264, 1268
(Ala.Cr.App. 1977). On appeal, the trial judge's refusal to recuse himself will not be reversed in the absence of clear evidence of bias or prejudice. Moreland, 469 So.2d at 1307." *Page 555 
Does the fact that a defendant made a campaign contribution to a judge mandate the recusal of the judge from any proceedings involving the defendant? Sections 12-24-1 and12-24-2, Code of Alabama 1975, address this issue.[1] Section12-24-1 states:
 "The Legislature intends by this chapter to require the recusal of a justice or judge from hearing a case in which there may be an appearance of impropriety because as a candidate the justice or judge received a substantial contribution from a party to the case, including attorneys for the party, and all others described in subsection (b) of Section 12-24-2. This legislation in no way intends to suggest that any sitting justice or judge of this state would be less than fair and impartial in any case. It merely intends for all the parties to a case and the public be made aware of campaign contributions made to a justice or judge by parties in a case and others described in subsection (b) of Section 12-24-2."
Section 12-24-2(c) states that recusal is necessary if a party in an action before a circuit judge made a campaign contribution to the judge in excess of $2,000. We interpret this section to mean that a campaign contribution to a circuit judge in excess of $2,000 will presumptively bias a circuit judge in the mind of the public.
The exhibits filed with this court reflect the facts as set out above. On the same day the "fax" transmission was received, a check in the amount of $500 made out on the "Friends of Chris Galanos" account was sent to the Mobile County district attorney's office. Apparently, Judge Galanos believed that this payment to the district attorney's office was to be a repayment to the petitioner of his contribution and he apparently thought it might be used to pay fines, restitution, or other costs. Although sending a $500 check to the district attorney's office on the eve of trial to be used on the petitioner's behalf may appear suspicious, or appear to show a prosecutorial mind-set, we do not consider that that fact affects the legal standards we must apply. The test for recusal is not whether the judge is impartial but whether another person "might reasonably question the judge's impartiality," Duncan, 638 So.2d at 1334. We resolve this issue in favor of Judge Galanos and against the petitioner.
The petitioner further contends that Judge Galanos, when he was district attorney of Mobile County, made disparaging remarks concerning the judges of the Court of Criminal Appeals and that the fact that he did so shows a bias against one of the attorneys involved in the case, the Honorable William M. Bowen, who was serving as a judge on this court when those disparaging remarks were made. As regards the disparaging remarks, we believe the exercise of weak judgment or a lack of judgment on a collateral matter is seldom grounds for a judge's recusal. We resolve this issue against the petitioner.
The petitioner also contends that Judge Galanos should recuse himself from the case because he was prejudiced against one of the petitioner's lawyers. In 1982 then District Attorney Galanos was prosecuted for driving under the influence. One of the petitioner's defense lawyers helped the special prosecutor prepare the case against Galanos. The records before us reflect that the case against Judge Galanos was dismissed after an agreement was reached between the prosecution and then District Attorney Galanos. We resolve this issue against the petitioner.
The petitioner also contends that Judge Galanos should recuse himself because one of the members of the district attorney's office prosecuting this case worked with Galanos for a number of years when he was district attorney.
 "The bias or prejudice which has to be shown before a judge is disqualified must be 'personal' bias, and not 'judicial' bias. Personal bias, as contrasted with judicial, is an attitude of extra-judicial origin, or one derived non coram judice. In re White, 53 Ala. App. 377, 300 So.2d 420
(1974). The fact that one of the parties before the court is known to and thought well of by the judge is not sufficient to show bias. Duncan v. Sherrill, 341 So.2d 946 (Ala. 1977)." *Page 556 
McMurphy v. State, 455 So.2d 924, 929 (Ala.Cr.App. 1984).
The petitioner further contends that Judge Galanos should recuse himself because he was district attorney when his case was investigated by the Mobile County district attorney's office. We have previously held that if such a situation does in fact exist the trial judge should recuse. Ex parte Sanders,659 So.2d 1036 (Ala.Cr.App. 1995). However, the record reflects that the investigation against the petitioner was begun by the district attorney's office in June 1995. The petitioner was indicted on six counts of theft of property on July 24, 1995. Judge Galanos was district attorney in Mobile County until September 1, 1994. When the charges were investigated and the petitioner was subsequently indicted, Judge Galanos was not the district attorney.
The petitioner lastly contends that Judge Galanos should recuse himself because one of the expected witnesses for the state is an attorney with a law firm in Mobile that contributed $5,000 to Judge Galanos's judicial campaign. A witness is not a "party" to a case as that term is defined in § 12-24-1. Under the facts as we understand them, Judge Galanos was not obliged to recuse because a witness had contributed to his judicial campaign.
For the foregoing reasons, we hold that Judge Galanos did not err in denying the petitioner's motion to recuse. The petitioner's petition for a writ of mandamus is therefore due to be denied.
PETITION DENIED.
All the Judges concur, except COBB, J., who dissents with opinion.
[1] The Act that added §§ 12-24-1 and 12-24-2 was effective January 1, 1996.