HOLMES, Retired Appellate Judge.
Katie N. McLeod appeals from the trial court’s denial of her motion for a new trial, pursuant to Rule 59, Aa. R. Civ. P. We reverse and remand.
Our review of the record reveals the following pertinent facts: Katie N. McLeod (wife) and G. Monroe McLeod (husband) were apparently married for a long time. During their marriage, each party acquired an undivided one-half interest in approximately 40 acres of real property located in Baldwin County, Aabama.
In July 1993, unbeknownst to the wife, the husband sold his one-half undivided interest in the property to the Kenneth D. McLeod, Sr., Family Limited Partnership (partnership), but still reserved the right to receive all the income from one-half of the property. The parties subsequently divorced.
On October 2, 1995, the wife filed a complaint against the partnership, as well as other fictitious parties, seeking to have the property partitioned and sold. The wife filed an amended complaint on December 22,1995, seeking damages for conversion and requesting an accounting to determine those damages. On January 24, 1996, the wife amended her original action for a partition, seeking to substitute the husband as a defendant.
On April 1, 1996, the husband filed an answer and a counterclaim, alleging (1) that he had a lien on the entire 40 acres because, he said, he had expended substantial amounts of money for capital improvements and (2) that he was entitled to reimbursement from the wife for one-half of the amount that he had expended for those improvements. It was the wife’s contention that the monies expended by the husband came from joint funds.
The case was tried without a jury. On November 23, 1996, the trial court ordered that the property be partitioned and divided equally between the husband and the wife. The trial court further entered a judgment in favor of the husband on the conversion claim in the amount of $47,222.70.
The wife filed a post-judgment motion for a new trial or, in the alternative, to alter, vacate, or amend the judgment. The trial court denied her motion on January 3, 1997.
The wife appeals.
On appeal the wife contends, among other things, that the trial court abused its discretion in not granting her post-judgment motion for a new trial because, she says, she discovered, after the trial, that the husband had made a $200 campaign contribution to the trial judge while the case was pending before the trial judge. Specifically, the wife *270 contends that the trial judge should have disclosed this fact. We agree.
It is well settled that the grant or denial of a motion for a new trial based upon the movant’s claim of newly discovered evidence is a matter that rests largely in the discretion of the trial court. This court will not reverse the trial court’s ruling on the motion unless the great weight of the evidence plainly and palpably shows that the trial court erred. Adkins v. Gold Kist, Inc., 531 So.2d 890 (Ala.Civ.App.1987).
At the outset, we note that we make no determination as to whether the trial judge should have recused herself. Instead, we focus on whether the trial judge had a duty to at least inform the wife that the husband had made a campaign contribution while the case was pending before the trial judge. We reiterate that the wife did not discover this fact until after the trial had taken place and after the trial court had entered a judgment.
In Bryars v. Bryars, 485 So.2d 1187, 1189 (Ala.Civ.App.1986), this court stated the following:
“Recusal is required ... when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge, but recusal is not required by mere accusations without proof of supporting facts.”
(Citations omitted.)
In Ex parte Bryant, 682 So.2d 39, 41 (Ala.1996), our supreme court stated the following:
“The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a ‘reasonable basis for questioning the judge’s impartiality.’ [Ex parte] Cotton, 638 So.2d [870] at 872. The focus of our inquiry, therefore, is not whether a particular judge is or is not biased toward the petitioner; the focus is instead on whether a reasonable person would perceive potential bias or a lack of impartiality on the part of the judge in question. In In re Sheffield, 465 So.2d 350, 357 (Ala.1984), this Court wrote:
“ ‘[T]he reasonable person/appearance of impropriety test ... may “sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.” In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). As stated in Canon 1 of the Code of Judicial Ethics, “An independent and honorable judiciary is indispensable to justice in our society,” and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal’ ”
(Emphasis in original.)
Additionally, we find it noteworthy to mention the following fact scenario in Ex parte Bryant, 675 So.2d 552, 553 (Ala.Crim.App.1996), overruled on other grounds, Ex parte Bryant, 682 So.2d 39 (Ala.1996):
“Judge Galanos was to preside over [a] trial in Montgomery. On the Saturday before the trial was scheduled to begin in Montgomery County on Monday, Judge Galanos notified the state and the defendant by facsimile transmission that the defendant/petitioner had contributed $500 to his judicial campaign. The petitioner then amended his motion to recuse based on this information. Judge Galanos denied the motion. The petitioner then filed a petition for a writ of mandamus.”
In applying the above principles of law to the wife’s contentions, it is our opinion that the trial judge in the instant case, after receiving the campaign contribution from the husband, should have disclosed that fact to the wife. The disclosure, in turn, would have afforded the wife an opportunity to file a motion, requesting that the trial judge recuse herself from the case. The trial judge at that point had the discretion to deny that motion, and the burden would have shifted to the wife to present substantial evidence showing that the trial judge was biased. Ex parte Bryant, 675 So.2d at 554.
The fact that the trial judge in the instant case did not disclose this information to the wife appears to create a perception of “potential bias or a lack of impartiality” on her part. For this reason, we conclude that the *271 trial judge’s denial of the wife’s motion for a new trial was an abuse of discretion.
Consequently, we reverse the trial court’s judgment and remand the case for a new trial.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12 — 18— 10(e), Code 1975.
REVERSED AND REMANDED.
All the Judges concur.