705 So.2d 834 (1997)
Roosevelt FINLEY
v.
W. T. PATTERSON, et al.
1951647.
Supreme Court of Alabama.
December 15, 1997.
C. Michael Benson, Auburn; Timothy Davis, Alexander City; and J. Tom Radney, Alexander City, for appellant.
Micheal S. Jackson of Beers, Anderson, Jackson & Smith, P.C., Montgomery, for W. T. Patterson, as administrator.
Prior report: 705 So.2d 826.

Order
The motions for disclosure and to stay issuance of certificate of judgment, and the response thereto. having been filed and duly submitted to the Court,
IT IS ORDERED that the motions for disclosure and to stay issuance of certificate of judgment are denied.
HOOPER, C.J., concurs.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur specially.
MADDOX, Justice (concurring specially).
Act No. 95-648, Ala. Acts 1995, is not effective as to me. See Justice Houston's special concurrence.
*835 HOUSTON, Justice (concurring specially).
Act No. 95-648, Ala. Acts 1995 ("the Act"), provides in pertinent part: "All acts required under [this Act] shall begin with the first election after the effective date of this Act [January 1, 1996]." I was last elected to a term that began in January 1993; therefore, the Act is not now effective as to me. If the Act is still in effect after any next election, I will comply with it.
COOK, Justice (concurring specially).
Through counsel, the appellant has filed a "Motion for Disclosure," pursuant to Ala. Code 1975, § 12-24-2, and a "Motion to Stay Issuance of Certificate of Judgment." Section 12-24-2 was signed into law as Act No. 95-648, Ala. Acts 1995, on July 31, 1995; it applies to elections occurring after the effective date of the statute, January 1, 1996. The statute addresses disclosure statements for campaign contributions and recusal, if the amount of a contribution to a Judge or Justice of an appellate court exceeds $4,000.
I concur to deny these motions. Notwithstanding that enforceability of the act is in legal limbo, I write specially because, assuming enforceability, the appellant has made no showing that the contribution level that would trigger the operation of the act has been reached.
Although I will not address the merits of the enforceability of § 12-24-2,[1] I will address *836 the language of Act No. 95-648. The Act, by its terms, applies to elections occurring on or after January 1, 1996. The movant has not presented to this Court any evidence that any Justice voting in the majority has, in an election occurring on or after the effective date of the Act, received a contribution exceeding $4,000 from any party involved in this case so as to trigger the recusal provisions of the statute.
The Fair Campaign Practices Act requires that a judge file with the secretary of state an annual report of contributions in excess of $100. Upon filing, the disclosure is a public record. Thus, records of contributions, if any, to the Justices who voted in the majority in this case are readily accessible.
Furthermore, five of the six Justices voting in the majority have not run for election or commenced a new term of office on or after the effective date of the Act. Hypothetically, if the Justice that commenced a term of office after the effective date of the act recused himself the result in this case would not be affected. For the reasons expressed, I agree that this motion is properly due to be denied.
ALMON, SHORES, KENNEDY, and BUTTS, JJ., concur.
SEE, Justice (concurring specially).
After the release of the opinion in his case, Finley v. Patterson, 705 So.2d 826 (Ala.1997), Roosevelt Finley has raised for the first time the application of Act No. 95-648, Ala. Acts 1995 (codified at Ala.Code 1975, §§ 12-24-1 and -2), to his appeal. He has filed two motions: (1) a "Motion for Disclosure"; and (2) a "Motion to Stay Issuance of Certificate of Judgment." Finley's motions must be denied. He waived the right to assert the application of the act's recusal provisions to his case, because, with knowledge of the recusal provisions he did not raise the matter before the release of this Court's opinion. See Dominex, Inc. v. Key, 456 So.2d 1047, 1058 (Ala.1984) ("Waiver ... is the voluntary and intentional surrender of a known right."); see generally Austin v. Pepperman, 278 Ala. 551, 572, 179 So.2d 299, 319 (1965) (stating that this Court will not ordinarily address issues raised for the first time on rehearing, i.e., after the release of the opinion).
NOTES
[1] I say the enforcement of this statute is in legal limbo for the following reasons: The attorney general of the State of Alabama submitted Act No. 95-648 to the Department of Justice of the United States for preclearance under Section 5 of the Voting Rights Act. Thereafter, the Department of Justice responded by letter dated July 23, 1996 to the attorney general stating that on May 20, 1996, the attorney general of Alabama withdrew Act No. 95-648 from submission, on the basis that no portions of the act were subject to the preclearance requirement. Disagreeing with the attorney general of Alabama in the July 23, 1996 letter, the Department of Justice took the position that Act No. 95-648 required preclearance. Specifically, the United States Department of Justice's letter states: "We remind you that unless the State of Alabama receives a declaratory judgment from the United States District Court for the District of Columbia or the Attorney General imposes no objection to the voting changes in Act No. 95-648, they are not legally enforceable. See Clark v. Romer [Roemer], 500 U.S. 646 [111 S.Ct. 2096, 114 L.Ed.2d 691] [(1991)]; 28 C.F.R. 51.10." The attorney general of Alabama responded to the Department of Justice by letter dated July 30, 1996, stating, inter alia, the following: "The State of Alabama will enforce Act No. 95-648, and the attorney general of Alabama will not submit this law for preclearance. Section 5 does not apply. If you disagree, we respectfully suggest that you proceed to enforce your interpretation of Section 5 in this context." Thereafter, the attorney general of Alabama by letter dated May 16, 1997, submitted to the Department of Justice Canon 7 of the Canons of Judicial Ethics for preclearance under Section 5 of the Voting Rights Act of 1965. The Department of Justice, by letter dated July 18, 1997, to the attorney general of Alabama, indicated that no objections were being interposed to Canon 7. Additionally, the Department of Justice's letter stated the following in regard to Act. No. 95-648:

"This also refers to Act No. 648 (1995), which provides for disclosure statements regarding campaign contributions to justices and judges of the state appellate and circuit courts in the State of Alabama. Your office originally submitted this act to the Attorney General pursuant to Section 5 on March 14, 1996. We requested additional information regarding your submission on May 13, 1996, and on May 24, 1996, then Alabama Attorney General Jeff Sessions withdrew the submission from Section 5 review, asserting that Act No. 648 (1995) contained no changes affecting voting subject to Section 5. We responded on July 23, 1996, acknowledging the withdrawal of the submission, disagreeing with the Attorney General's reasoning, and requesting that Act No. 648 be resubmitted for Section 5 review. Copies of our correspondence are enclosed.
"Our records fail to show that we have received a response from your office to our July 23, 1996, letter. We note that unless the State of Alabama receives a declaratory judgment from the United States District Court for the District of Columbia or the Attorney General interposes no objection to the specified changes, they are not legally enforceable. Clark v. Romer [Roemer], 500 U.S. 646, 111 S.Ct. 2096, 114 L.Ed.2d 691 (1991); 28 C.F.R. 51.10.
"While we continue to adhere to the views expressed in our most recent letter, we now find further support for our position in Alabama Attorney General Opinion No. 97-00156 (Apr. 3, 1997), which determined that Canon 7 required Section 5 preclearance. We request that your office reconsider its previously expressed position in light of the 1997 [Alabama] Attorney General opinion.
"To enable us to meet our responsibility to enforce the Voting Rights Act, please inform us of the action the State of Alabama plans to take concerning this matter."
I am unaware of any information indicating that these differences in opinion and position between the attorney general of Alabama and the United States Department of Justice have been resolved.