Rochester District Court
No. 2004-730

### THE STATE OF NEW HAMPSHIRE

v.

### WALTER ELLIS

Submitted: December 9, 2005
Opinion Issued: December 29, 2005

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the memorandum of law), for the State.

*Walter Ellis*, by brief, *pro se*.

DUGGAN, J. The defendant, Walter Ellis, was convicted in Rochester District Court of criminal trespassing. RSA 635:2 (1996) (amended 2005). On appeal, he argues that the Trial Court (*Cappiello*, J.) erred by not granting a motion for recusal. We affirm.

The defendant was represented at trial by George Blaisdell, a non-lawyer representative. On the day of trial, prior to the commencement of the hearing on the merits, Blaisdell asked the trial judge to recuse himself on the grounds that the judge had represented Blaisdell in a civil matter in the 1970's. In response, the trial judge first stated: "I do recall—now that you mention it, I did represent you. That was a long time ago." After further discussion, the judge noted that Blaisdell was not a party to the action now before the court and that the judge had not had any contact with the defendant. The judge concluded that he did not have a conflict, and that he saw no reason why he should recuse himself from the case.

On appeal, the defendant argues that the judge erred by not himself disclosing the prior relationship with Blaisdell and by refusing to recuse himself. With respect to the first issue, it is obvious from the transcript that the judge did not recall the prior representation until it was brought to his attention by Blaisdell. Nor would a reasonable, objective observer expect that a judge would immediately recall every client whom he may have represented throughout his career prior to becoming a judge. *Cf. Ex parte Kenneth D. McLeod Partnership*, 725 So. 2d 271, 274 (Ala. 1998). Given that the representation occurred at least twenty-four years earlier and apparently involved a single civil matter, we cannot fault the judge for not immediately recalling it. Nor can we fault the judge for not disclosing a prior representation that he neither recalled, nor should have recalled, until reminded of it. *Cf. McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1260 (5th Cir. 1983) (judge has duty to disqualify himself "as soon as he is aware that the grounds exist" for disqualification).

 Furthermore, the prior representation *was* disclosed at the commencement of the proceedings by Blaisdell, and was considered and ruled upon by the judge. We agree that a judge should disclose information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. *See* SUP. CT. R. 38, Canon 3E(1) commentary; *cf. Blaisdell v. City of Rochester*, 135 N.H. 589, 593 (1992). Such disclosure provides the parties with the opportunity to seek recusal, allowing them to present arguments or authority that may persuade the judge that recusal is in fact required or appropriate. Here, even assuming that prior representation of a party's representative in a civil matter unrelated to the proceedings before the court that occurred

more than twenty-four years earlier is in fact information that a reasonable party or lawyer might consider relevant to the question of disqualification, we note that the danger that either party would have been deprived of the opportunity to argue in favor of recusal was not present. Blaisdell's disclosure at the commencement of the proceeding ensured that both parties had the opportunity to address the issue. Thus, the primary purpose of requiring disclosure was satisfied, and we find no error in the alleged failure to disclose.

Turning to the second issue, we note that no *per se* rule of disqualification applies here. *See State v. Bader*, 148 N.H. 265, 270 (2002), *cert. denied*, 538 U.S. 1014 (2003); SUP. CT. R. 38, Canon 3E(1). The Code of Judicial Conduct, however, also requires disqualification of a judge in a proceeding in which the judge's impartiality might reasonably be questioned and to avoid even the appearance of impropriety. *State v. Whittey*, 149 N.H. 463, 465 (2003).

> Whether an appearance of impropriety exists is determined under an objective standard, *i.e.*, would a reasonable person, not the judge [himself], question the impartiality of the court. The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case.

*Id.*

It has been held elsewhere that it is not necessarily improper for a judge to preside over a case in which a *party* was a former client of the judge in an unrelated matter. *See Matter of Edwards*, 694 N.E.2d 701 (Ind. 1998). Relevant considerations in such a case include the nature of the prior representation, the duration of the attorney-client relationship, the extent to which it might relate to the current case, and the lapse of time between the prior representation and the current case. *Id.* at 710-11. Thus, for example, where a judge represented a couple with regard to child support and custody issues, the judge was not disqualified from presiding over an unrelated landlord-tenant dispute involving the couple three years later. *Id.* at 711.

Here, the representation occurred in an unrelated civil matter at least twenty-four years ago having no relation to the current case. Thus, even if that representation had involved a party to this case, application of the *Edwards* factors would lead us to conclude that the trial judge was not required to recuse himself. Plainly, where the prior representation

involved a party's representative rather than the party himself, the grounds for recusal are even weaker. Accordingly, we conclude that a reasonable person would not question the impartiality of the trial judge, and an objective, disinterested observer would entertain no doubt that justice would be done in this case. Therefore, the trial judge did not err by denying the motion for recusal.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.