WISE, Judge
(concurring specially).
I concur with the majority’s decision to overrule Blackmon’s application for rehearing. I write specially with regard to this Court’s decision to allow Blackmon to raise new issues in her application for rehearing. As a general rule neither this Court nor any other Alabama appellate court allows a party to raise new issues in its application for rehearing. See, e.g., Finley v. Patterson, 705 So.2d 834, 836 (Ala.1997) (See, J., concurring specially and noting that the Alabama Supreme Court will not ordinarily address issues that are raised for the first time on rehearing); Ex parte Jordan, 486 So.2d 485, 488 (Ala.1986) (noting that the Alabama Supreme Court does not normally consider issues that are raised for the first time on rehearing, but making an exception because the new argument was an extension of an argument that had been raised and addressed on original submission). See also Ex parte Hulsey, 536 So.2d 75, 78 (Ala.Civ.App.1988) (noting that, “ ‘[w]hen an appellate court has rendered an opinion and an application for a rehearing has been filed, new issues which were not argued upon the original submission of the appeal generally will not be considered. Stover v. Alabama Farm Bureau Insurance Co., 467 So.2d 251 (Ala.1985).’ Holsonback v. Holsonback, 518 So.2d 146, 148 (Ala.Civ.App.1987).”). But see Williams v. State, 627 So.2d 994, 995 (Ala.Crim.App.1992) (opinion on application for rehearing), aff'd, 627 So.2d 999 (Ala.1993) (noting that the court did not find plain error on initial review, but nevertheless addressing issues that were raised by new counsel on rehearing “because we realize that other appellate courts will review this death penalty case”).
Even though this case involves imposition of the ultimate punishment — the death penalty — just as was the case in Williams v. State, I question whether it was necessary to allow Blackmon’s counsel to present new issues on rehearing, given that this Court searched the record for plain error during our initial review of Black-mon’s appeal. See Rule 45A, Ala.R.App.P. Thus, had there been merit to any of these issues, this Court would have been required, pursuant to Rule 45A, Ala.R.App. P., to have noticed the errors. But for our previous holding in Williams v. State— together with the highly unusual facts of this case, namely, the fact that Blackmon’s original appellate counsel had been suspended from the practice of law at the time our decision was released, leaving Blackmon without any legal representation — I would have dissented from the majority’s decision to review the merits of the new issues raised by Blackmon on rehearing. Therefore, my vote in this case should not be taken as an indication that under normal circumstances I would allow *453 an appellant to raise new issues in an application for rehearing. Indeed, if this Court allowed parties to continue to raise entirely new issues on rehearing and then addressed those new issues, parties could conceivably file second and successive rehearing briefs raising new issues, and there would be no finality of judgments by this Court. However, given the unique facts of this case, I believe that prohibiting Blackmon’s newly appointed appellate counsel from raising new issues in her application for rehearing would serve no purpose but to delay a final resolution of this case. Accordingly, I agree with the majority’s decision to make an exception to our general rule prohibiting an appellant from raising new issues on rehearing.