Helen Y. HALL, individually and on behalf of others similarly situated, Plaintiff-Appellee Cross-Appellant,

v.

SMALL BUSINESS ADMINISTRATION, Louis Lawn, Wiley Messick and Ardis Jones, Defendants-Appellants Cross-Appellees.

No. 81–4319.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1983.

As Amended March 7, 1983.

Robert S. Greenspan, Marleigh Dover, Attys., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendants-appellants cross-appellees.

Ellis B. Bodron, Vicksburg, Miss., Danny E. Cupit, Robert W. Sneed, Jackson, Miss., for plaintiff-appellee cross-appellant.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Judicial ethics reinforced by statute exact more than virtuous behavior; they command impeccable appearance. Purity of heart is not enough. Judges' robes must be as spotless as their actual conduct. These expectations extend to those who make up the contemporary judicial family, the judge's law clerks and secretaries. Because a magistrate's sole law clerk was initially a member of the plaintiff class in this suit, had before her employment with the magistrate expressed herself as convinced of the correctness of its contentions, and accepted

employment with its counsel before judgment was rendered, we hold that the magistrate erred in refusing to disqualify himself. We, therefore, reverse the judgment and remand for a new trial before a judge or another magistrate.

In 1975 Helen Hall, a woman employed by the Small Business Administration (SBA) filed a Title VII class action in the Southern District of Mississippi alleging that the SBA had discriminated against her and other female SBA employees in hiring, salary, and promotion. The parties consented to trial before a magistrate. *See* 28 U.S.C. § 636(c)(1) (Supp. IV 1980). The magistrate was authorized to employ a clerical assistant. The person employed to fill this position was a lawyer and had the actual duty of a law clerk. Before she began employment with the magistrate, she had worked for the SBA. She had resigned in 1978 because she thought that she had been a victim of sexual discrimination. In her letter of resignation, she expressed her disappointment at her treatment at SBA and added: "This whole sequence of events has been most upsetting. I believe no male attorney would have received such contemptuous treatment." Although it was not brought out at the time of the trial, the SBA was aware that the judge's law clerk had worked in the same office as Ms. Hall during the period in which it was alleged that the SBA followed discriminatory practices.

This clerical assistant-law clerk participated in the pretrial proceedings. Trial began on June 16, 1980, and was completed on July 2, 1980. On the opening day of trial, the SBA's trial attorney stated that she wished to call the magistrate's attention to a "housekeeping problem," the fact that the judge's law clerk was a member of the plaintiff class. The magistrate first stated that he was unaware of that fact, then later that he knew that she was formerly an SBA employee but that he had not thought about it. He continued:

BY THE COURT:

What are you putting that on the record for? Do you think that might make me biased or prejudiced?

BY [SBA COUNSEL]:

Not you, sir, No, sir. We're just putting it on the record.

BY THE COURT:

Well, are you asking me to recuse myself?

BY [SBA COUNSEL]:

No. And I would also like to introduce ... one of the defendants in the case, and he came over from Atlanta.

BY THE COURT:

Well, I knew that [my law clerk] was a former SBA employee, but that's the first I had thought about it. It won't make any difference.

BY [PLAINTIFFS' COUNSEL]:

Just for the clarification of the record, I did not hear an objection voiced by Counsel to either you presiding as judge, or [your law clerk] acting as law clerk, and I assume there is no objection to either.

BY THE COURT:

I asked them if they wanted me to recuse myself, and Counsel said no they did not.

BY [PLAINTIFFS' COUNSEL]:

We would call Dr. Gordon Henderson.

BY THE COURT:

If I had any doubts about it, I would recuse myself anyway.

On the second day of trial, the magistrate commenced proceedings by stating:

Before [the witness] begins his testimony, I would like to say in advance of the trial that they called to my attention for the first time that my Law Clerk is a member of the class certified in this cause. I stated at that time, and I still feel, that that will not bias or prejudice me in any way. I don't know what her financial interest would be, if any, certainly not being with the Small Business Administration any more. In the event to avoid any impropriety or appearance of impropriety by the Court, I discussed this with [the law clerk] this morning, and an order has been entered by her today, opting out of the class that has been certified. If there ever was a conflict, I think that would clear it up.

178

The trial transcript was not typed until after the magistrate rendered judgment. The law clerk sat in court during the trial and took notes. She also prepared trial (bench) memoranda for the judge.

"Before Christmas 1980" lead counsel for the plaintiff discussed with the magistrate his desire to offer employment to the law clerk, obtained approval from the magistrate, and made the offer, which, after some negotiations about salary, the clerk accepted. She actually began work for his law firm about January 4, 1981. The magistrate rendered judgment on January 6, 1981.

On January 19, 1981, the SBA attorney telephoned the magistrate's chambers and asked for the magistrate's law clerk. The magistrate's new law clerk informed her that his predecessor no longer worked for the magistrate and had accepted employment with the firm representing the plaintiff class. The new law clerk also stated that the opinion in this case was "the last thing" the prior law clerk had worked on before she left. The SBA lawyer wrote the former law clerk asking questions about her dealings with that firm during her tenure as law clerk, but in a letter dated February 11, 1981, she refused to answer them and suggested that "any questions concerning [the magistrate's] integrity" be directed to him.

Sometime after judgment was entered, the SBA "discovered" the letter of resignation from the law clerk to SBA Regional Counsel. Besides the statements we have quoted, the letter contained the law clerk's version of various grievances against her supervisor. The SBA contends, and the magistrate later found, that its counsel was unaware that the letter existed until after the trial. The law clerk never disclosed the letter's existence to the magistrate or to the parties.

In March, the SBA filed a motion requesting that the magistrate vacate his judgment and recuse himself because of the appearance of partiality arising from his

law clerk's conduct. The magistrate denied the motion after a hearing because the law clerk "at no time" expressed an opinion or communicated any extrajudicial information to him about the SBA; because she had accepted employment only after the magistrate had made his decision and had written a rough draft of the opinion in this case, and because the law clerk was, in the magistrate's words, "little more than an amanuensis in th[e] case." He stated: "I don't think that any female law clerk is going to give me a lot of input on how to decide a case."

## I.

The Code of Judicial Conduct, adopted by the Judicial Conference of the United States, states: "A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . ." Code of Judicial Conduct, Canon 3(C)(1), *reprinted in* 69 F.R.D. 273, 277 (1975). By statute adopted in 1974 that ethical standard was converted into mandate: every justice, judge and magistrate is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (1976 & Supp. IV 1980). This disqualification may be waived [1] but the judge is forbidden to accept a waiver unless "it is preceded by a full disclosure on the record of the basis for disqualification." *Id.* § 455(e) (Supp. IV 1980).

The goal of this portion of the disqualification statute is to exact the appearance of impartiality. *Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1111 (5th Cir.), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); E. Thode, Reporter's Notes to Code of Judicial Conduct 60–61 (1973). It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of any bias or prejudice. *Potashnick,* 609 F.2d at 1111. A judge should exercise his discretion in favor of disqualification if he has any ques-

---

1. 28 U.S.C. § 455(b) (1976) relates to disqualification for other reasons, such as interest in the case or bias. This provision may not be waived. *Id.* § 455(e) (Supp. IV 1980).

tion about the propriety of his sitting in a particular case. *Id.* at 1112.

The statute requires the judge to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality. *Id. See Fredonia Broadcasting Corp. v. RCA Corp.,* 569 F.2d 251 (5th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978); Note, Disqualification of Judges and Justices in the Federal Courts, 86 Harv. L.Rev. 736, 745 (1973). But knowledge of all the facts implies only knowledge of those that are objectively ascertainable. The term cannot, as suggested by counsel, extend to what happens in the judge's chambers or to his actual virtue because, were that so, the test would be not the appearance of impartiality but the absence of actual prejudice.

## II.

Law clerks are not merely the judge's errand runners. They are sounding boards for tentative opinions and legal researchers who seek the authorities that affect decision. Clerks are privy to the judge's thoughts in a way that neither parties to the lawsuit nor his most intimate family members may be. *Fredonia Broadcasting Corp.,* 569 F.2d at 256. We agree with the Sixth Circuit that the clerk is forbidden to do all that is prohibited to the judge. *See Price Brothers Co. v. Philadelphia Gear Corp.,* 629 F.2d 444, 447 (6th Cir.1980), *cert. denied,* 454 U.S. 1099, 102 S.Ct. 674, 70 L.Ed.2d 641 (1981). It is the duty of the law clerk "as much as that of the trial judge to avoid any contacts outside the record that might affect the outcome of the litigation." *Kennedy v. Great Atlantic & Pacific Tea Co.,* 551 F.2d 593, 596 (5th Cir.1977).

Whether or not the law clerk actually affected the magistrate's decision, her continuing participation with the magistrate in a case in which her future employers were counsel gave rise to an appearance of partiality. *See Miller Industries v. Cat-*

*erpillar Tractor Co.,* 516 F.Supp. 84, 89 (S.D. Ala.1980); *Simonson v. General Motors Corp.,* 425 F.Supp. 574, 576 (E.D.Pa.1976); *Reddy v. Jones,* 419 F.Supp. 1391 (W.D. N.C.1976) (judge not disqualified when law clerk "immediately taken off *all* work ... in cases being tried ... by his prospective employers."), *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978). *See also* A. DiLeo and A. Rubin, Law Clerk Handbook § 2250 (1977) (when clerk accepts position with firm, must cease involvement in cases in which future employers have interest).

### A. *Timeliness*

We have held that § 455(a) includes a timeliness requirement. *Delesdernier v. Porterie,* 666 F.2d 116, 121–22 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982). Like the court in *Potashnick,* however, we need not be detained by the issue because counsel for the SBA did not know that the law clerk had accepted employment with the firm representing the plaintiff class until after the trial, sometime in January, 1981. She promptly wrote the law clerk seeking information about her participation in the case. When the clerk's response was unsatisfactory, SBA counsel sought a hearing before the court. In short, full disclosure did not occur until sometime in January, 1981, and the SBA took action almost immediately afterward. *See United States v. Conforte,* 457 F.Supp. 641, 653 (D.Nev.1978) (party must raise recusal issue at earliest moment after discovering facts), *aff'd,* 624 F.2d 869, 880 (9th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). Thus, the SBA did not "utilize a disqualification issue as part of [its] trial strategy." *Potashnick,* 609 F.2d at 1115.

### B. *Waiver*

SBA counsel did not remain silent after becoming aware of all relevant facts. She did not lie in wait to determine whether her client would prevail and then file the motion only because she was disgruntled with the result.

SBA counsel also did not waive the right to seek the magistrate's recusal in the colloquy on the first day of trial. *See supra* at 177. Under § 455(e), counsel may waive the right to recusal only after a full disclosure on the record of the basis for disqualification. In this case, the magistrate mentioned only that his law clerk had worked for the SBA and was a member of the class. There was no mention of the letter of resignation and, of course, no one could then know that the law clerk would subsequently accept employment with the firm representing the plaintiff class.[2]

A judge is required merely to disclose the basis for disqualification, not "every incident or factual detail which might contribute to the overall impression of partiality." *United States v. Conforte,* 457 F.Supp. at 655 (footnote omitted). In this case, however, the magistrate and his law clerk failed fully to disclose the basis on which a reasonable person might "harbor doubts about the magistrate's impartiality." *Potashnick,* 609 F.2d at 1111. Therefore, the SBA did not waive its right to seek recusal of the magistrate.[3]

The judge's assertion that he had made up his mind immediately after hearing the case, without the law clerk's assistance, is immaterial. Every judge has suffered a change of heart after reaching a tentative decision. Much might happen during research and opinion writing to affect the decision. Until the decision was signed and rendered, it was *in pectore judicis,* subject to possible influence.

None of our observations is designed to impugn the integrity of the magistrate.

There is not the slightest hint that he in fact engaged in any improper conduct. His errors were those of judgment: in failing voluntarily to disqualify himself or to insulate himself from his clerk on the facts known to him before he rendered judgment; in putting SBA counsel on the defensive by asking why she put on record the facts that should properly have been brought to his attention; and in failing to grant the motion on the additional facts that were communicated to him when the motion to disqualify was filed.

■ There is patently no cause of action against the SBA, its regional director, or its district director. 42 U.S.C. § 2000e–16(c) (1976) specifically provides that in any Title VII action against the federal government, "the head of the department, agency, or unit, as appropriate, shall be the defendant." The Administrator of the SBA is the head of that agency. Only the Administrator was a proper defendant. *See Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.) (per curiam), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); *Davis v. Califano,* 613 F.2d 957, 958 n. 1 (D.C.Cir.1979); *Ayon v. Sampson,* 547 F.2d 446, 447 n. 2 (9th Cir.1976).

For these reasons the judgment is VACATED, and the case is REMANDED for dismissal of the parties improperly joined and for further proceedings consistent with this opinion.

**2.** We, therefore, need not consider whether knowledge of the statements in the letter of resignation should be imputed to SBA counsel.

**3.** The statute expressly requires the judge to state the reasons for his potential disqualification on the record. If the parties desire to waive the disqualification and consent to his sitting, Advisory Opinion No. 25 of the Advisory Committee on Judicial Activities, which antedates the statute, states a recommended procedure:

In order that there be no question about the voluntary character of the consent, the Com-

mittee reiterates the recommendation contained in *Advisory Opinion No. 20,* namely; that the judge advise counsel at the earliest practicable time, through the clerk of the court or in some other appropriate way, of the reason for his disqualification, and ask counsel to reply in writing to the clerk whether they wish the judge to hear the case or participate in the hearing of an appeal. Unless all parties request the judge to continue, the clerk should not tell the judge which parties did not make such request, and the judge should not act thereafter in the case.