**LIMECO, INC., Plaintiff,**

v.

**The DIVISION OF LIME, et al.**

**Civ. A. No. GC81–162–WK–O.**

United States District Court,
N.D. Mississippi,
Greenville Division.

July 25, 1983.

Michael Farrell, Michael S. Allred, Jackson, Miss., for plaintiff.

Robert E. Sanders, Oscar P. Mackey, Jackson, Miss., Alben N. Hopkins, Gulfport, Miss., for defendants.

### ORDER OF VOLUNTARY RECUSAL

KEADY, District Judge.

The Division of Lime, et al., defendants appearing through the Attorney General of Mississippi, has moved for the voluntary disqualification or recusal of the undersigned judge from presiding over any further proceedings in this cause. Although the case has been on our docket for at least two years and has been the subject of significant substantive and several procedural orders, the defendants' motion for recusal was not filed until July 19, 1983.[1]

This delay, which on its face appears belated, is nevertheless understandable in view of the unique ground assigned which of necessity required diligence as well as resourcefulness on the part of defense coun-

---

1. See, e.g., Limeco v. Division of Lime, 546 F.Supp. 868 (N.D.Miss.1982) (denial of state action exemption).

sel. The motion accurately documents the fact that in the year 1942 when House Bill No. 182 to establish limestone crushing plants in the State of Mississippi as a state-sponsored function came to a vote on Tuesday, January 6, 1942, one William C. Keady, then a duly elected representative from Washington County, joined eight other House members in voting against the measure which passed by a vote of 115 for to 11 against. Further, that after House Bill No. 182 was unanimously passed by the Senate and was returned to the House for concurrence on Senate amendments, then Representative Keady joined other House members in adopting the measure on final passage in a vote of 119 for and none against. Defendants' motion avers that the original vote against the measure was a formal and official expression of opinion by Representative Keady that the State of Mississippi should not mine and crush agricultural lime and not sell such lime to the citizens of Mississippi at cost, and asserts that the expression of such opinion is one which might reasonably draw into question his impartiality as judge under 28 U.S.C. § 455(a) and (b)(3). The movants further represent that no record exists to determine the full intent of the legislature in passing such bill and that only members thereof would have knowledge of disputed evidentiary facts relating to intent, not available to litigants or their attorneys, thus providing another ground of disqualification on the basis of "knowledge of disputed evidentiary facts" within the meaning of 28 U.S.C. § 455(b)(1).

Since the documented facts are undisputable, the undersigned, without present recollection, is unable to explain his youthful act of more than forty-one years ago; and confesses that the passage of four score years is of such magnitude as to obliterate any recall of a single act which apparently occurred in the pell mell rush of the beginning of a session of the Mississippi Legislature. Our distressful predicament forces us to seek solace in the writings of sages, the most prominent example of which immediately comes to mind: "Time whereof the memory of man runneth not to the contrary", *Blackstone's Commentary*, page 18 (1765–1767); *cf. Emmerson's English Traits* (1856).

To say that one has no present recollection falls short of meeting the acid test required of a judge whose impartiality may be reasonably drawn into question. It is well settled by all legal authorities that even if no bias or prejudice of a judge may actually exist, it is enough to disqualify that there be the mere appearance of partiality. Judicial ethics "exact more than virtuous behavior; they command impeccable appearance. Purity of heart is not enough. Judges' robes must be as spotless as their actual conduct." *Hall v. Small Business Administration*, 695 F.2d 175, 176 (5th Cir.1983).

Since it may appear that the undersigned had a long-held adverse opinion of the State being in the business of operating lime crushing plants, discretion requires that we SUSTAIN defendants' motion and stand RECUSED from further hearing in this cause, with direction to the Clerk that this action be reassigned to another judge of this court.