Curtis CHEEVES, et al., and Theodore
Gibson, et al., Plaintiffs,

v.

SOUTHERN CLAYS, INC., et
al., Defendants.

Civ. A. Nos. 86–43–1–MAC (WDO),
86–44–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 17, 1990.

See also, 128 F.R.D. 128.

Franklin R. Nix, Atlanta, Ga., and G. Lee
Dickens, Jr., Milledgeville, Ga., for plain-
tiffs.

Richard A. Schneider, Atlanta, Ga., for
defendants.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiffs' motion for
disqualification brought pursuant to 28
U.S.C. § 455(a). Plaintiffs request that the
court disqualify itself from presiding fur-
ther over the instant *Cheeves* and *Gibson*
cases. Plaintiffs base their motion on alle-
gations concerning Stephanie Parker, the
court's former law clerk and presently an
associate with counsel for the defense, and
allegations that the court is somehow bi-
ased against Robert Lee Watkins who is
supporting the plaintiffs in this litigation.
Having considered the briefs filed by the
parties, the facts, and the relevant case
law, the court now enters the following
order.

---

Before proceeding further, the court will outline the relevant facts. Stephanie Parker served as law clerk to this court from June, 1984, to September, 1986. In February, 1986, the currently pending cases were filed against Southern Clays, Inc. and others. These cases had been preceded by two earlier cases that were filed in January and February, 1985, against Freeport Minerals Company and Freeport Kaolin Company ("Freeport"). These earlier cases were eventually dismissed by plaintiffs voluntarily in August of 1985.

In 1985, Ms. Parker began making arrangements for employment following the expiration of her clerkship with the court. In November, 1985, Ms. Parker accepted a position with the law firm of King and Spalding, to begin after the completion of her clerkship. Thereafter, in accordance with this court's normal practice Ms. Parker was not permitted to work on any matters before the court in which King and Spalding was identified as counsel. In February, 1986, the instant cases were filed against Southern Clays, Inc. and others. On April 28, 1986, King and Spalding entered its appearance as defense counsel by executing stipulations on behalf of The Rhode Island Charities Trust in both the *Cheeves* and *Gibson* cases. On June 19, 1986, King and Spalding entered its Notice of Substitution as counsel for Southern Clays, Inc. and The Rhode Island Charities Trust in both the *Cheeves* and *Gibson* cases.

Ms. Parker stated in her affidavit submitted to this court that she had worked on the earlier cases filed against Freeport, but not the present *Cheeves* and *Gibson* cases. Ms. Parker also stated that she only recalled working on a "real party in interest" issue (referring to whether the cases should have been filed against Southern Clays, Inc. rather than Freeport) in regard to the earlier cases filed against Freeport. The court made no ruling on the merits in the earlier cases or the pending *Cheeves* and *Gibson* cases at the time Ms. Parker was associated with the court. Nor has the court yet made any ruling on the merits of the pending cases.

In September, 1986, Ms. Parker's appointment to the court ended and she joined King and Spalding as an associate. Ms. Parker did not participate in the defense of the instant cases from 1986 to 1989. The defense team was made up of Frank Jones, Ralph A. Pitts, Richard A. Schneider, and Sally Quillian. In mid-August, 1989, Ms. Quillian accepted a position with the United States attorney's office and terminated her employment with King and Spalding.

In an effort to replace Ms. Quillian on the defense team, Mr. Schneider asked Ms. Parker if she would be interested in serving as additional defense counsel on the instant cases. Ms. Parker expressed an interest in participating and confirmed that she had prior, but limited, involvement with the earlier cases filed against the Freeport companies during her employment with the court.

In an effort to obtain permission to participate, Ms. Parker contacted the court to determine if the court had any objection to her participation in the defense of these cases. The court granted Ms. Parker permission to participate provided that plaintiffs' counsel, Frank Nix, did not object. Mr. Schneider and Ms. Parker thereafter contacted Mr. Nix, seeking his permission for Ms. Parker to participate and explaining her clerkship and limited prior involvement in the earlier cases filed against Freeport. Mr. Nix assented to Ms. Parker's participation in the defense of the instant cases. Only after receiving Mr. Nix's permission did Ms. Parker enter an appearance as counsel in these cases. Approximately one week later, Mr. Nix revoked his permission and his co-counsel in the *Cheeves* case also objected to Ms. Parker's participation in the defense of the instant cases. Ms. Parker withdrew as defense counsel after Mr. Nix revoked his consent to her participation.

Subsequently, Mr. Nix and his co-counsel suggested to this court through several correspondences that it should consider *sua sponte* disqualification under 28 U.S.C. § 455. The court informed Mr. Nix that the court did not think it appropriate to deal informally with questions of possible

disqualification pursuant to 28 U.S.C. § 455(a) and invited plaintiffs to file a formal motion for disqualification, whereupon the instant motion was filed.

In addition to the allegations involving Ms. Parker, plaintiffs contend that certain comments made by the court during separate in-chambers conferences evidence bias against one Robert Lee Watkins, attorney-in-fact for the plaintiffs in the instant case.[1] This portion of plaintiffs' contentions will be addressed separately, *infra.*

## DISCUSSION

■ Title 28 U.S.C. § 455 provides in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The aim of section 455(a) is to avoid even the appearance of partiality. *Hall v. Small Business Administration*, 695 F.2d 175, 179 (5th Cir.1983). The standard for recusal under section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). The recusal standard is one of reasonableness and should not be interpreted to require recusal on spurious or vague charges of partiality. *Smith v. Pepsico, Inc.*, 434 F.Supp. 524 (D.C.Fla.1977).

■ The court finds that the facts of the instant case do not warrant recusal. Ms. Parker did not work on the instant *Cheeves* and *Gibson* cases during her employment with the court and her involvement with the earlier cases filed against Freeport was limited to the question of whether Freeport was the proper defendant. At the time that Ms. Parker worked on the earlier cases King and Spalding was not associated with the defense. Moreover, in accord-

ance with this court's policy Ms. Parker was not permitted to work on any cases in which her future employer, King and Spalding, was named counsel. Indeed, from the time the instant *Cheeves* and *Gibson* cases were filed until the time that Ms. Parker finished her clerkship no action was taken on the merits of either case.

The court must also point out that Ms. Parker became associated with the defense of the instant cases only after making a full disclosure to plaintiffs regarding her employment with the court, her involvement with the earlier cases filed against Freeport, and receiving the permission of plaintiffs' counsel, Mr. Nix, to do so.

Thus, the only basis for plaintiffs' motion for recusal of the court in the instant cases is the fact that Ms. Parker was at one time a law clerk with this court. That is not a sufficient basis to require this court to recuse itself from presiding over the instant cases.

Plaintiffs' reliance on *Fredonia Broadcasting Corp. v. RCA Corp.*, 569 F.2d 251 (5th Cir.1978), is misplaced. In *Fredonia*, the former law clerk had worked on the *Fredonia* case when it was first tried on the merits. After trial on the merits, the law clerk accepted employment with plaintiffs' counsel, began working on the *Fredonia* case as a lawyer and actively participated in the retrial of the action. In the instant cases no action was taken on their merits, nor was Ms. Parker in any way involved with these cases at the time of her employment with the court. Furthermore, her involvement with the instant cases was limited to five days, after having been informed by, and only because, plaintiffs' counsel said that he had no objection to her appearing for the defense.

Similarly, *Miller Industries, Inc. v. Caterpillar Tractor Co.*, 516 F.Supp. 84 (S.D. Ala.1980) and *Hall v. Small Business Administration*, 695 F.2d 175, 177–79 (5th Cir.1983), are inapposite. In those cases,

---

1. All of the named plaintiffs, except Ethel Cheeves Wilson, have executed contingent fee agreements in favor of Robert Lee Watkins agreeing to reimburse Mr. Watkins for his out-of-pocket expenses and to pay him for his ser-

vices on plaintiffs' behalf a contingent fee computed as a percentage of any recovery made on behalf of plaintiffs. Mr. Watkins has also been given a power-of-attorney by the plaintiffs.

disqualification was warranted because the law clerks involved had accepted employment with plaintiffs' counsel and then continued to work on cases in which their future employers were participating. In *Parker v. Connors Steel Co.*, 855 F.2d 1510 (11th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989), a law clerk was permitted to work on an opinion on the merits in favor of the defendants when the law clerk's father was a partner in the firm representing the defendants. Disqualification was warranted in that case. While the circumstances in *Miller, Hall,* and *Parker* clearly suggest the possibility of partiality, no such circumstances exist in the instant case.

Ms. Parker's involvement with the earlier cases filed against Freeport do not warrant this court's recusal. King and Spalding was in no way involved in the defense of those cases. Thus, there was no potential for partiality or even the appearance of partiality on the part of the court.

Inasmuch as Ms. Parker did not work on the present cases and there was no action taken by this court on the merits of the present cases during her clerkship with the court, the court finds that an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal is sought in the instant cases would not entertain a significant doubt about the court's impartiality.

■ As an alternative to their arguments concerning Ms. Parker, plaintiffs argue that this court should disqualify itself because of an alleged bias against Robert Lee Watkins. Plaintiffs contend that the court demonstrated bias against Mr. Watkins at hearings held on June 30 and September 27, 1989.

Plaintiffs point to a comment made by the court at the conference held on June 30th wherein the court stated that it was familiar with the circumstance of Mr. Watkins' indictment for perjury. Plaintiffs contend that the court's knowledge of the circumstances of Mr. Watkins' indictment could only have come from an extra-judicial source. However, plaintiffs ignore the fact that this court was assigned Robert Wat-

kins' indictment for perjury on April 27, 1989, two months prior to the in-chambers conference held on June 30, 1989. It is clear that the court's knowledge of the circumstances regarding Mr. Watkins came about during the course of official judicial activity. Thus, the knowledge that this court had regarding Mr. Watkins' indictment was not extra-judicial in nature. It is well established that an allegation of bias sufficient to require disqualification under section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature. *United States v. Meester,* 762 F.2d 867, 884–85 (11th Cir.1985).

Plaintiffs also refer to a statement of the court made at an in-chambers conference on September 27, 1989. The conference was held in order to clear up certain disputed discovery matters. During the course of the conference, counsel for plaintiffs sought to persuade the court that it should direct Engelhard Kaolin Company to produce certain information that had been subpoenaed by the plaintiffs. Engelhard is not a party to this litigation. Counsel for plaintiffs sought to draw a comparison between an earlier order of this court directing Mr. Watkins to appear and give deposition testimony, and plaintiffs' request for information from Englehard. At that time the court stated that "Robert Watkins is a unique situation and he is not like either side of this case now at all." The court was referring to the fact that Mr. Watkins holds a fifteen percent interest in any recovery made by the plaintiffs, holds power of attorney, and is therefore an interested party, as distinguished from a third-party without an interest in the outcome of a lawsuit. The court's statement evidences no bias or prejudice against Mr. Watkins.

As to plaintiffs' counsel's argument that the court spoke with "force and vehemence" at the conference on September 27, 1989, a reading of the transcript makes clear that this force and vehemence was directed not toward Mr. Watkins, but at the practice of litigants who merely copy a subpoena received from opposing counsel and return it to them.

The statements and actions of which plaintiffs complain do not constitute a display of personal bias based upon information received from extra-judicial sources. The statements made by the court were entirely proper statements based upon information made known to this court during its handling of these cases and Mr. Watkins' indictment for perjury which was tried before this court. Similarly, this court's receipt of the letter from Judge Fitzpatrick indicating his intention to recuse himself from presiding over any cases involving Robert Watkins was entirely appropriate and judicial in nature. Thus, the facts presented by plaintiffs with respect to Mr. Watkins provide no basis whatsoever for disqualification and are insufficient as a matter of law.

Therefore, for the reasons stated above plaintiffs' motion for disqualification is DENIED.

SO ORDERED.