In re Paula **LICKMAN**, Debtor.

Marie E. Henkel, Trustee, Plaintiff,

v.

Paula Lickman et al., Defendants.

Bankruptcy No. 98–02632–6C7.
Adversary No. 01–170.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 20, 2002.

Lynnea Concannon, Sean D. Concannon, Orlando, FL, for Plaintiff.

Marie E. Henkel, Orlando, FL, Chapter 7 Trustee.

Gerald J. D'Ambrosio, Boca Raton, FL, for Defendant.

## ORDER DENYING SECOND MOTION FOR DISQUALIFICATION FILED BY DEFENDANT, ROBERT DANIELS

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for consideration of the motion for disqualification filed by the defendant, Robert Daniels, on September 6, 2002 (Document No. 117A). This is the second motion filed by this defendant seeking my disqualification. The defendant filed his first motion on October 15, 2001, alleging bias as a consequence of judicial rulings with which he disagreed (Document No. 51). I denied that motion by order entered on October 17, 2001 (Document No. 53).[1] The defendant did not take an appeal from that order.

■■■ The October 17, 2001, order denying the defendant's first motion for disqualification (Document No. 53) sets forth the then relevant procedural posture of the proceeding and the applicable legal authorities by which a motion for disqualification is determined. For administrative convenience, I incorporate the provisions of that order here and invite the reader to review that order before reading this order further. A copy of that order is attached as Appendix I.

### I.

Following the entry of the order denying the first recusal motion (Document No. 53), this proceeding has further developed as follows:

In November 2001, the court conducted a final pretrial conference, entered a final pretrial order (Document No. 73), and conducted the trial on the merits of this adversary proceeding over three days. Defendant Daniels did not appear at the final pretrial conference or at the trial. The parties submitted post-trial submissions, and the court has the proceeding under advisement.

On February 21, 2002, the court entered its Decision on Debtor's Application for Administrative Expense (Main Case Document No. 118) that is reported at 273 B.R. 691 (Bankr.M.D.Fla.2002). The court de-

---

1. In that order, I also denied a similar motion for disqualification filed by the debtor and her counsel (Document No. 50).

scribed that matter as then under advisement in the order denying the first recusal motion. In a final order entered at the same time based upon that decision, I denied the debtor's request for the allowance of an administrative expense claim for services she performed in derogation of the trustee's rights in the Pennsylvania probate court (Main Case Document No. 119).

Sometime in about March 2002, defendant Daniels filed a civil action against me and another judge in a Florida state court. In the action, he complains about my conduct as a judge in this bankruptcy case. The action has been removed to the United States District Court for the Southern District of Florida and is being defended by the United States Attorney.

On or about May 30, 2002, defendant Daniels filed a judicial misconduct complaint against me pursuant to 28 U.S.C. § 372. That complaint has been dismissed.

On July 11, 2002, the plaintiff in this proceeding filed a motion seeking sanctions against two other defendants, the debtor, Paula Lickman, and her attorney, James F. Wiley, III (Document No. 95). After an evidentiary hearing, the court entered on August 19, 2002, its Decision on Plaintiff's Motion for Sanctions for Violation of Preliminary Injunction or Modification of Preliminary Injunction (Document No. 102). That decision is reported at 282 B.R. 709 (Bankr.M.D.Fla.2002). In a final order entered at the same time based upon that decision, the court sanctioned defendants Lickman and Wiley for willful and intentional violations of the court's preliminary injunction (Document No. 103). Defendants Lickman and Wiley have filed notices of appeal of that order (Document Nos. 105, 106, and 112).

## II.

In this second motion, defendant Daniels alleges grounds for disqualification that fall roughly into three categories. First, the defendant again complains that my rulings as presiding judge in the main bankruptcy case and in this adversary proceeding demonstrate bias. Second, the defendant asserts that I have engaged in ex parte communications with "someone," thereby demonstrating my bias and participation in the "fixing" of these proceedings in this bankruptcy case. Third, the defendant asserts that I am biased because he has filed a civil action and a judicial misconduct complaint against me and plans to file others in the future. The defendant argues that each of these grounds compels my disqualification under the standards of 28 U.S.C. § 455.

## A.

■ The defendant first complains that I have made oral and written rulings in the bankruptcy case and this adversary proceeding that demonstrate my bias against the debtor and defendant Daniels (Document No. 117A, ¶¶ 5, 6, 8, 12, 13, 14, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 35, 36, and 43).[2] Defendant Daniels uses harsh adjectives and adverbs in his motion to describe the rulings I have made, and then relies upon those characterizations of hostility as support for his claim of bias.

As to the rulings about which he complains that relate to him, defendant Daniels cited these rulings as a basis for disqualification in his earlier motion for disqualification (Compare Document No. 117A, ¶¶ 17, 18, and 29 with Document No. 51, ¶¶ 4, 9, and 10). In the second

2. The defendant also asserts that I have demonstrated bias against Stephen Lickman (Document No. 117A, ¶¶ 5, 7, 11, 14, 20, 23, and 35). Stephen Lickman, the debtor's brother, is not a party to this proceeding.

motion he alleges no new rulings that I have made relating to him. Because I have already found these rulings to be an insufficient basis for disqualification in my earlier order (Document No. 53), I need address these matters no further.

Most of the rulings about which the defendant complains are rulings that relate to the debtor, Paula Lickman, rather than to defendant Daniels (Document No. 117A, ¶¶ 5, 6, 8, 12, 13, 14, 16, 19, 20, 23, 24, 25, 26, 27, 28, 30, 31, 35, 36, and 43). In other words, defendant Daniels is relying on rulings made as to other parties as support for his second allegation of my bias toward him. Apparently, defendant Daniels is construing what he perceives to be my bias in favor of the plaintiff, as demonstrated by my rulings, as bias against all defendants, regardless of whether the rulings specifically relate to him.

The allegations as to these rulings set forth in the motion in support of disqualification demonstrate only that defendant Daniels is dissatisfied by what he perceives to be adverse rulings by the court. My rulings, however, do not constitute bias for disqualification purposes. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ["judicial rulings alone almost never constitute valid basis for a bias or partiality motion."].

Every assertion that defendant Daniels makes in support of his first ground for relief is directly related to a judicial ruling that I have made in the management of this case and the adversary proceeding or an order that I have entered in the discrete matters that have arisen and that I have been called upon to decide.

In deciding these matters, I have carefully considered all of the papers that have been filed and the relevant case authorities and have made a reasoned decision. I have articulated the basis for each decision, either in the order itself, or by explicating my reasoning in open court. Thus, all of my rulings are memorialized either in a written order or in the transcript of the hearing of a particular matter. The court files contain the transcript of every hearing that I have conducted and every order that I have entered.

If a party in the adversary proceeding or a party in interest in the main case takes issue with any of my judicial rulings, that party is free to file an appropriate motion for reconsideration or to exercise the party's right to appellate review, as has been done with some orders. That is the proper and appropriate way to seek relief from an order that any party may believe I have erroneously entered.

Accordingly, the defendant has not established any basis for disqualification on this ground.

### B.

▮▮▮ The defendant next asserts that I have participated in ex parte communications with parties or their counsel that demonstrate bias, my participation in the "fixing" of this proceeding, and my efforts to "get the Lickmans." (Document No. 117A, ¶¶ 7, 15, 21, 22, 33, 34, 35, 36, 39, 40, 41, and 42).

As to the assertion that I have engaged in ex parte communications with parties or their counsel, the claim is completely false. I have engaged in no such communications. Defendant Daniels offers no specific facts to the contrary. Instead, he offers only his supposition and suspicion.

For example, defendant Daniels asserts that I received an ex parte communication at my home on the evening of September 5, 2001, prompting the entry of the temporary restraining order on September 6, 2001 (Document No. 117A, ¶¶ 9, 10, and 11). To the contrary, the record reflects that the plaintiff filed the application for a

temporary restraining order without notice, a supporting affidavit, and a legal memorandum (Documents Nos. 14, 15, and 16) pursuant to the Orlando division's after-hours filing procedures as contained in General Order 96–00002–ORL, at 11:48 p.m. on September 5, 2001. The plaintiff filed original copies of these papers with the clerk in Orlando at 8:45 a.m. on September 6, 2001, pursuant to the after-hours filing procedures.

Counsel for the plaintiff then appeared at my chambers in Tampa and presented copies of these papers to me at about 9:00 a.m. on September 6, 2001. I reviewed the papers and determined that the issuance of a temporary restraining order was appropriate. I entered the temporary restraining order at 9:50 a.m. (Document No. 17).

Notably, the temporary restraining order defines the injury and why it would be irreparable and states why it was entered without notice, all as required by F.R.B.P. 7065 and F.R.Civ.P. 65(b). The assertion of an ex parte communication is false and inconsistent with the record. The suggestion of any impropriety on my part or the part of plaintiff or her counsel is baseless.

As to the assertions of "fixing" the case and "getting" the Lickmans, the defendant's allegations are illusory and inaccurate characterizations of the record. They are devoid of any factual support. I have simply made factual and legal rulings in the disputes that I have been asked to decide.

■■■ The case law makes clear that disqualification must be supported by a factual predicate for the alleged bias. *United States v. Bayless*, 201 F.3d 116, 126–127 (2nd Cir.2000), *quoting SEC v. Drexel Burnham Lambert Inc. (In re Drexel Burnham Lambert Inc.)*, 861 F.2d 1307, 1313 (2d Cir.1988) ["existence of the appearance of impropriety is to be deter-

mined 'not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law . . . . ' "]; *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 962 (1st Cir. 1998) [must have plausible factual basis to assert bias]; *In re United States*, 666 F.2d 690, 694 (1st Cir.1981) ["judge once having drawn a case should not recuse himself on a unsupported, irrational, or highly tenuous speculation . . . . "].

Stripped of innuendo and accusatory language, the defendant's allegations contain no assertions of supportable fact and therefore do not establish bias as a matter of law. Accordingly, the defendant has not established any basis for disqualification on this ground.

### C.

■■■ Finally, the defendant contends that I am biased because he has filed a civil action and a complaint of judicial misconduct against me and plans to file others in the future (Document No. 117A, ¶¶ 32, 37, and 38). While the defendant's assertions as to this ground are factually accurate, they do not compel disqualification. To the contrary, I am required to take into consideration that the defendant himself has affirmatively created these alleged grounds for disqualification.

In *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir.1990), for example, the court of appeals affirmed the trial court's denial of a motion for disqualification where the appellant alleged bias because he had accused the judge of bribery on national television. In its opinion, the court of appeals cautioned that:

Parties cannot be allowed to create the basis for recusal by their own deliberate actions. To hold otherwise would encourage inappropriate "judge shopping."

It would invite litigants to test the waters with a particular judge and then to take steps to create recusal grounds if the waters proved uncomfortably hot. Consistent with this reasoning, courts have typically rejected recusal motions based on, and effectively created by, a litigant's deliberate act of criticizing the judge or judicial system.

*Id.*

Likewise, in *Federal Deposit Insurance Corp. v. Sweeney,* 136 F.3d 216, 219 (1st Cir.1998), the court made clear that, while the appellant had an absolute right to do so, criticizing the judge did not establish a basis for disqualification. Indeed, in a case very close on its facts to this case, *In re Mann,* 229 F.3d 657, 658–59 (7th Cir. 2000), the court of appeals affirmed the district court's denial of a motion for disqualification where the appellant had filed a complaint of judicial misconduct against the judge. The court of appeals was willing to consider "proof of bias or partiality (or the appearance of either)" as a basis for disqualification but held, in its absence, that the trial judge was not obligated to disqualify himself merely because a complaint of judicial misconduct had been filed against him. *Id.*

Similarly, defendant Daniels here has offered no factual support for his claim of extra judicial bias, independent of the bias purportedly arising out of his filing of a civil action and a complaint of judicial misconduct against me. Accordingly, the defendant has not established any basis for disqualification on this ground.

### III.

I am required to determine a motion for disqualification on the basis of the record and legal criteria that are established in the statute and the case law. This record demonstrates overwhelmingly that, under the standards articulated in *Liteky v.*

*United States* and *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988) (citation and footnote omitted), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989), "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought" would not entertain a significant doubt about the court's impartiality. Defendant Daniels' motion fails to satisfy the applicable legal criteria. Accordingly, the motion is denied.

### APPENDIX I

*ORDER DENYING MOTIONS FOR DISQUALIFICATION FILED BY DEFENDANTS, PAULA LICKMAN, GERALD J. D'AMBROSIO, AND ROBERT DANIELS*

This case came on for consideration of two motions for my disqualification filed on October 15, 2001. The first motion, Document No. 50, is filed by the debtor, Paula Lickman and one of her attorneys, Gerald J. D'Ambrosio. The second motion, Document No. 51, is filed by Robert Daniels. All three of these movants are defendants in this adversary proceeding. The movants filed these motions on the eve of a hearing of motions filed in the adversary proceeding scheduled in Tampa on October 16, 2001, at 2:30 p.m.

### I.

The chief judge of our court assigned this case and the adversary proceeding to me by an order entered on June 27, 2001 (Main Case Document No. 85). Apparently, the case has some long history in the Orlando division, and both of the Orlando resident judges had recused themselves from the case.

When the case was assigned to me, there were only a few discrete matters pending. On August 10, 2001, I conducted

a hearing of the contested application of the debtor for the allowance of an administrative expense. The parties have only recently completed post-trial submissions, and I have the matter under advisement. I also have managed the adversary proceeding which, by agreement of counsel, is now scheduled for trial beginning on November 19, 2001. Again, with the agreement of counsel, the trial of the adversary proceeding has been consolidated with the trial of the debtor's motion to remove the trustee filed in the main case. The parties have recently filed a number of other motions that need to be addressed before this trial, and those were scheduled for hearing on October 16.

In the course of the adversary proceeding, I entered a temporary restraining order and later a preliminary injunction. I entered the preliminary injunction after several parties requested a continuance of the hearing originally scheduled for the motion for preliminary injunction. In a telephone conference on September 12, 2001, concerning the requested continuance, counsel agreed to forego the hearing and continue the terms of the temporary restraining order as a preliminary injunction pending trial of the merits.

In the motions, the movants allege that I am biased against them and that I am required to disqualify myself under the standards of 28 U.S.C. § 455. The facts upon which the movants rely as bases for the motions appear principally in orders that I have entered and with which they disagree.

## II.

28 U.S.C. § 455(a) is the applicable statute governing consideration of the debtors' motion. Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." [1]

The test traditionally employed to determine whether recusal is mandated under Section 455(a) was "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988) (citation and footnote omitted), *cert. denied*, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989).

As the authorities make clear, the statute focuses on a judge's bias toward a party rather than toward that party's counsel. *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 385 (11th Cir.1991). In addition, the authorities developed what came to be known as the

---

**1.** Section 455(b)(1) provides that the judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party ...." Section 455(b)(1), however, appears to be either inapplicable or subsumed by Section 455(a) in these circumstances. To the extent that there is a substantial area of overlap between the two subsections so that Section 455(b)(1) employs the same standard as Section 455(a), *Liteky v. United States*, 510 U.S. 540, 553 n. 2, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the reasoning recited in the text demonstrates its inapplicability. In any event, "[w]hat is at issue in the present case *is* an aspect of 'partiality' already addressed in (b), personal bias or prejudice. The 'objective appearance' principle of subsection (a) makes irrelevant the subjective limitation of (b)(1): The judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so." *Id.* (Emphasis in original). In the circumstances of the pending motions, therefore, Section 455(b)(1) has no independent application. Even if it were applicable, I cannot and do not find that I am subjectively biased or prejudiced in fact. Indeed, I am *not* biased or prejudiced in fact against the defendants or their counsel.

"extrajudicial source" doctrine. Under this doctrine, "for a bias to be personal, and therefore disqualifying, it 'must stem from an extra-judicial source.'" *In re Corrugated Container Antitrust Litigation,* 614 F.2d 958, 964 (5th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980), *quoting United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

In deciding whether recusal under Section 455(a) is subject to this "extrajudicial source" doctrine, the Supreme Court in *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), refined the parameters of disqualification for alleged judicial bias under Section 455. In *Liteky,* the Supreme Court held that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." 510 U.S. at 555, 114 S.Ct. 1147. The Court wrote:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555, 114 S.Ct. 1147.

As noted in the concurring opinion in *Liteky,* "all would agree that a high threshold is required to satisfy" the standard for bias and partiality disqualification motions. *Id.* at 558, 114 S.Ct. 1147 (Kennedy, J., concurring). "Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.* The reason is simple: a judge has the duty to judge absent legitimate grounds for disqualification. As another court of appeals wrote, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Securities & Exchange Commission v. Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989).

### III.

Applying these legal standards to the facts at hand, I conclude that I am required to deny the motions for disqualification. No reasonable, objective, disinterested person with knowledge of the facts would entertain doubts as to my impartiality. The allegations set forth in the motions in support of disqualification are insufficient to establish bias and instead demonstrate only that the movants are dissatisfied by what they perceive to be adverse rulings by the court.

Every assertion that the movants make is directly related to a judicial ruling that I have made in the management of this case and the adversary proceeding or in an order that I have entered in the discrete matters that have arisen and that I have been called upon to decide.

In deciding these matters, I have carefully considered all of the papers that have been filed and the relevant case authorities and have made a reasoned decision. I have articulated the basis for each decision, either in the order itself, or by explicating my reasoning in open court.

If a defendant in the adversary proceeding or a party in interest in the main case takes issue with any of my judicial rulings, that party is free to file the appropriate motion for reconsideration, as has been done with some orders, or to exercise the

party's right to appellate review. That is the proper and appropriate way to seek relief from an order that they may believe I have erroneously entered.

For the foregoing reasons, the court therefore denies the motions for disqualification.