**In re Paula LICKMAN, Debtor.**

**Marie E. Henkel, Trustee, Plaintiff,**

v.

**Paula Lickman, et al., Defendants.**

**Bankruptcy No. 98–02632–6C7.**
**Adversary No. 01–170.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 17, 2003.

Lynnea Concannon, Sean D. Concannon, Orlando, FL, for Plaintiff.

Marie E. Henkel, Orlando, FL, Chapter 7 Trustee.

*ORDER DENYING SECOND MOTION FOR DISQUALIFICATION FILED BY DEFENDANT/DEBTOR PAULA LICKMAN*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for consideration of the motion for disqualification filed by the debtor/defendant, Paula Lickman, on January 6, 2003 (Document No. 146). The debtor's unsworn motion attaches five exhibits, some of which have never before been presented to the court as exhibits or documentary evidence and are not otherwise part of this court's record. The motion also contains three paragraphs comprising the debtor's response to the plaintiff's motion for order of contempt against the debtor and another defendant (Document No. 128).

This is the fourth motion filed by a defendant in this adversary proceeding

seeking my disqualification (Documents Nos. 50, 51, 117A, and 146), and the second such motion filed by the debtor. I have entered orders denying the first three motions (Documents Nos. 53 and 122) that are reported at *Henkel v. Lickman (In re Lickman)*, 284 B.R. 299 (Bankr.M.D.Fla. 2002). No party has filed a notice of appeal as to any of these orders.

In my earlier orders, I have set forth the relevant legal criteria by which I am required to determine a motion for disqualification. I will not, therefore, restate them here. I will similarly assume familiarity with the procedural history of this adversary proceeding and this case stated at length in prior orders. *See, e.g., Henkel v. Lickman (In re Lickman)*, 286 B.R. 821 (Bankr.M.D.Fla.2002); *Lickman*, 284 B.R. at 301; *Henkel v. Lickman (In re Lickman)*, 282 B.R. 709 (Bankr.M.D.Fla.2002); and *In re Lickman*, 273 B.R. 691 (Bankr. M.D.Fla.2002).

### I.

The debtor/defendant's second motion for disqualification is, for the most part, simply a repetition of complaints and allegations that she has made in numerous other papers that she has filed in this adversary proceeding and in the bankruptcy case. At the core of the debtor's complaints and allegations of bias is her dissatisfaction with the court's rejection of her theory that the trustee, trustee's counsel, and the bankruptcy judges assigned to her bankruptcy case have acted corruptly to deprive the debtor of "her inheritance." The debtor passionately disagrees with the court's judicial rulings and alleges that, by rejecting her theory, the court is "intentionally hiding well-known criminal conduct in *two* states to protect the trustee

and her counsel . . . ." (Document No. 146, ¶ 11).

Although the debtor's motion is replete with conclusory statements purporting to demonstrate the court's bias, the debtor does not support her mischaracterized and fallacious statements of "fact" with citations to the record where those "facts" can be found. Indeed, the debtor is unable to do so because the facts established by the evidence and testimony, by the record, and as decided by this court over and over again are inconsistent with and do not support her characterizations of the events of this case.

Many of the debtor's mischaracterizations of events are readily apparent on the face of the motion or by making a cursory review of the record. The following illustrative examples show the way in which the debtor misstates and misconstrues events that have occurred in this adversary proceeding.

The debtor alleges that I have "stated that [her] motion to remove the trustee had no merit because now [she] had no lawyer." (Document No. 146, ¶ 4). I have reviewed the orders that I have entered in this case and proceeding as well as transcripts of every hearing and telephone conference that I have conducted and find no such or similar statement anywhere.[1]

To the contrary, the file reflects that in November 2001, on the eve of trial of her motion to remove the trustee, the debtor filed a notice of withdrawal of her motion citing her inability to proceed without counsel (Document No. 76). The debtor's counsel had previously withdrawn from her representation without the debtor's objection (Documents Nos. 52, 55, 58, and 59).

---

**1.** The court file contains transcripts of every hearing or telephone conference that I have conducted in this bankruptcy case and adversary proceeding.

The debtor also alleges that I engaged in a "vicious and calculated trick" to "hear and weigh" her bar complaint against the plaintiff's attorney, Sean Concannon (Document No. 146, ¶ 9). The implication of the debtor's complaint about the bar grievance is that I independently initiated this issue as part of my determination of the plaintiff's motion for sanctions to "intentionally come to the Plaintiff's rescue with regard to an ongoing Bar complaint . . . ." (Document No. 146, ¶ 10). The debtor also states that the sanctions that I assessed against her are a "reward" to the plaintiff and her lawyers for "defending" the bar complaint (Document No. 146, ¶ 10).

The record, however, is to the contrary. It reflects that the plaintiff's motion for sanctions contained the allegations that the debtor had "filed a second bar complaint against Sean Concannon for his participation in the administration of this bankruptcy case" and "promised . . . to file yet another complaint within 30 days" (Document No. 95, ¶¶ 6 and 7). The plaintiff's motion then included a request that the court enjoin and restrain the debtor from making "any claims, actions, or proceedings against the trustee or her counsel in any forum, including administrative proceedings . . . ." (Document No. 95).

At the final evidentiary hearing of the plaintiff's motion for sanctions, I received evidence, over defendant Wiley's objection, that showed that the debtor had initiated a bar complaint against Mr. Concannon. In my decision of the plaintiff's motion for sanctions, I found that the debtor had *not* violated the preliminary injunction in filing that bar complaint. *Lickman,* 282 B.R. at 717–720. In a footnote to that decision, I specifically stated that the preliminary injunction did not prohibit the debtor from filing bar complaints against the trustee and her counsel. *Id.* at 721 fn. 10. In addition, I found no authority that would

then permit me to expand the preliminary injunction to prohibit such complaints in the future. *Id.* Although I did observe that the bar complaint appeared "frivolous," I made no findings of fact or conclusions of law on the merits of the bar complaint, acknowledging that those determinations were to be made by The Florida Bar. *Id.*

In addition, the record demonstrates irrefutably that the damages that I assessed against the debtor and Mr. Wiley were damages that resulted from the actions that they took, other than filing the bar complaint, that *did* violate the preliminary injunction. *Id.* at 717–721.

## II.

When one eliminates the misstatements contained in the debtor's motion of the sort described above, the motion presents two alleged grounds for disqualification. First, the debtor again complains that my rulings as presiding judge in the main bankruptcy case and in this adversary proceeding demonstrate bias (Document No. 146, ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20). Second, the debtor raises for the first time as a basis for disqualification the fact that the plaintiff's counsel, Lynnea S. Concannon, is my former law clerk (Document No. 146, ¶ 17). The debtor argues that this relationship on its own compels disqualification.

### A.

■ The debtor first contends that I have made oral and written rulings in the bankruptcy case and in this adversary proceeding that demonstrate my bias against her (Document No. 146, ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20). The debtor argues that my alleged bias is apparent because my rulings are "based upon fantasy, not fact or evidence" and "ignore the law" (Document No. 146,

¶¶ 9 and 17). The debtor supports this ground with extensive legal argument or re-argument of issues that I have already decided, some of which are currently on appeal.

As I have written earlier, my judicial rulings do not constitute bias for disqualification purposes. *Lickman*, 284 B.R. at 303, *quoting Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ["judicial rulings alone almost never constitute valid basis for a bias or partiality motion."]. In my previous orders, I have also set forth the procedure by which I determine contested issues and the legal recourse available to any party who is aggrieved by my determinations. *Id.* The debtor has presented nothing new in this motion about my judicial rulings that would necessitate disqualification.

### B.

■ The debtor next asserts that I am compelled to disqualify myself because the plaintiff's counsel, Lynnea S. Concannon, is my former law clerk (Document No. 146, ¶ 17). It is true that Ms. Concannon served as my law clerk from August 1989 to August 1992. "It is common knowledge in the profession," however, "that former law clerks practice regularly before judges for whom they once clerked." *In re Martinez–Catala*, 129 F.3d 213, 221 (1st Cir. 1997).

In this case, Ms. Concannon terminated her employment as my law clerk more than ten years ago—well before the debtor filed this bankruptcy case and well before the chief judge assigned the case to me. In circumstances such as these where the law clerk's employment terminated many years before representing a client in litigation before the judge, courts have consistently held that a judge is not required to recuse himself from a case where a former law clerk represents one of the parties.

*See, e.g., Holbrook v. Nationwide Mutual Insurance Co.,* 1999 WL 737956 * 2 (S.D.Fla.) [finding that recusal because former law clerk had served judge 12 years earlier "would be based on no more than 'unsupported, irrational or highly tenuous speculation' and [was] unwarranted" (citation omitted)]; *United States v. Corces,* 1992 WL 175506 (M.D.Fla.) [holding that district judge was not required to recuse herself from a case where the prosecutor was her former law clerk who had served the judge nine years earlier]; *Cheeves v. Southern Clays, Inc.,* 726 F.Supp. 1579, 1581 (M.D.Ga.1990) [holding that judge was not required to recuse himself from a case pending during the former law clerk's clerkship where the former law clerk did not work on the case during her clerkship].

Nothing about Ms. Concannon's employment as my law clerk more than a decade ago creates in fact or by appearance a partiality in favor of her client, the plaintiff, or against the debtor or any of the defendants. Accordingly, this basis for disqualification is without merit.

### III.

■ I am required to determine a motion for disqualification on the basis of the record and legal criteria that are established in the statute and the case law. This record demonstrates overwhelmingly that, under the standards articulated in *Liteky v. United States* and *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988) (citation and footnote omitted), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989), "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought" would not entertain a significant doubt about the court's impartiality. The debtor's motion fails to satisfy

the applicable legal criteria. Accordingly, the motion is denied.

In the meantime, I will continue to work diligently to determine the merits of this adversary proceeding, which remains under advisement, consistent with my other responsibilities and obligations.